TERRITORY OF OKLAHOMA *ex rel.* ROBERT J. RAY, v. D. A. JACOBS, *as City Clerk,* AND CHARLES SMITH AND OTHERS *as City Council, of the City of Lawton.*

(Filed September 2, 1902.)

1. MAYOR OF CITY OF THE FIRST CLASS SHOULD BE ELECTED, WHEN. Under section 544 of the Statutes of Oklahoma of 1893, and as amended by the act of March 12, 1897, one who is elected mayor of a city of the first class on October 24, 1901, is entitled to hold such office until the annual election in the spring of 1903, in the absence of a city ordinance providing for the election of such officer annually, even though such mayor was elected under the provisions of section 541 of the Statutes of 1893, which provides for the first election of officers of a city of the first class, and, after naming all of the city officers, further provides that they shall serve until the next annual election in said city, and until their successors are elected and qualified, notwithstanding the next annual election should be held on the first Tuesday in April, 1902. The expression: "Shall serve until the next annual election," has reference only to those officers whose terms of office would expire at that time, and does not include all of the city officers. (Case of Wright v. Jacobs, this Volume, followed.)

2. PLEADINGS—Must State Cause of Action. In an original action in this court, where the respective parties submit the case on the pleadings, and such pleadings fail, under the rules of interpretation to show that the plaintiff is entitled to recover, judgment for dismissal and for costs will·be entered.

(Syllabus by the Court.)

*Original Proceedings in Mandamus.*

*J. C. Strang* and *Robert J. Ray,* for relator.

*Rice, Mitschrich & Rice,* for respondent.

Writ denied.

Opinion of the court by

BURWELL, J.: This is an action commenced in this
court by the Territory of Oklahoma on the relation of Rob-
ert J. Ray against D. A. Jacobs, as city clerk, and Charles
Smith and others, who compose the city council of the city of
Lawton, to compel the defendants to canvass the returns of
a certain election  held in that city on the first Tuesday in
April, 1902, at which it is claimed all of the officers of the
city were voted for and elected, and the petition alleges
that the defendants refused to canvass such returns. The rela-
tor, Mr. Ray, was a candidate at the election referred to, for
the office of mayor, and it is alleged that he received the
highest number of votes of any candidate, and that he was
elected to that office. The answer of the defendant sets
up as a defense new matter, which is not denied by the rela-
tor, and we will therefore treat it as true, and this will enable
us to dispose of the case. A portion of the answer alleges:

"That the official ballots of said election were not pre-
pared as by law provided, in that they contained the names
of candidates for the following offices of said city, none of
which were to be filled at said election, to-wit: The offices
of mayor, city treasurer, city clerk, city marshal, street com-
missioner, police judge, city attorney, treasurer of the school
board, city assessor, and also two members of school board and
two members of city council for each ward; and the law
provides for only one member of the council and one member of

the school board to be elected from each ward at such election..

"Defendants further allege that on the general official ballot for city officers also appeared the names of candidates for school officers, contrary to law; that, notwithstanding only one member of the city council and one member of the school board from each ward were to be elected at said election, each political party nominated two candidates for each office, to-wit: member of the school board and city councilman; and that if defendants are compelled by the order of this court to canvass the returns of said election as to such offices they will be compelled to discriminate between two candidates in each ward for each of said offices, or else to certify to the election of two different persons for each of said offices in said ward."

In the case of *Wright v. Jacobs,* decided at the present term of this court, and reported in this volume it was held that the mayor, city clerk, city treasurer, city marshal, street commissioner, police judge, city attorney, treasurer of the school board and one councilman and one member of the school board from each ward should hold their respective offices until the spring election of 1903. Therefore the ballot was irregular; but as too whether this would make the election void it is not necessary to decide, as the only returns that could legally be canvassed are the returns of the election pertaining to the votes cast for the candidates for the positions of one councilman and one member of the school board from each ward, whose terms under the statute expired in the spring of 1902; but even if Mr. Ray could maintain this action for them, which has been decided in the negative, the petition and the answer also fail to disclose who these various candidates were, and, although the ballots were not void by reason of other names

being illegally placed upon them, the court is not suffi-
ciently informed from the pleadings to issue a mandate for
the canvass of the returns of election as to these officers who·
should have been elected at the annual election in the spring·
of 1902.. The term of the present mayor will not expire until.
the spring of 1903.

The writ will be denied at the cost of the plaintiff.

Beauchamp, J., absent; all the other Justices concurr--
ing.