## Neal v. Hines, et al.

(Decided May 28, 1918.)

Appeal from Franklin Circuit Court.

1. Pardon—Parole of Prisoners—Statutory Provisions.—The Indeterminate Sentence Law of 1910 provided that in case of felony punishable by death or life imprisonment, the jury should fix the punishment and the court should pronounce the sentence found by the jury. It further provided that a person sentenced to life imprisonment under that act should be eligible to parole "as may now or hereafter be prescribed by law." Chapter 4, page 22, Acts 1910. At the same session the General Assembly passed an act repealing the parole act of March 21, 1900, and conferring the power of parole upon the State Board of Penitentiary Commissioners, and making life prisoners, who had served five years, eligible to parole. Chapter 16, page 61, Acts 1910. Act of March 20, 1912, conferred upon the Board of Prison Commissioners the power to grant or refuse paroles upon the record of the trial and the prisoner's record while under confinement. Chapter 144, page 653, Acts 1912. Act of 1914 conferred upon the State Board of Penitentiary Commissioners, with the approval of the Governor, the power to parole any person then confined or might thereafter be confined in any penitentiary, and making only life prisoners, who had served eight years and obeyed the rules, eligible to a parole. Chapter 70, page 197, Acts 1914. Act of 1916 contained substantially the same provision as to the rights of the prisoners. Chapter 38, page 428, Acts 1916. Held, that as the present act only makes life prisoners, who have served eight years, eligible to parole, a life prisoner who was convicted in the year 1911 is not eligible to parole after five years' confinement since not only the act under which he was convicted authorized a change in the parole law, but a statute authorizing the granting of paroles may be granted or repealed at any time without violating the constitutional rights of prisoners.

2. Pardon—Punishment—Paroles—Statutory Provisions.—The rule that a prisoner whose sentence is indeterminate is entitled to a parole as a matter of right after serving his minimum punishment on the ground that his longer confinement would make his punishment to that extent depend solely upon the Board of Prison Commissioners, does not apply to a life prisoner whose punishment was fixed by the jury and pronounced by the court so as to make him entitled to a parole as a matter of right after serving the time necessary to make him eligible to a parole.

3. Mandamus—Discretionary Matters—Parole of Prisoners.—The power to parole prisoners conferred by the present statute upon the Board of Prison Commissioners and the Governor is purely

discretionary and this discretion can not be controlled by mandamus.

ED. C. O'REAR and J. B. ADAMSON for appellant.

CHARLES H. MORRIS, Attorney General, and HENRY F. TURNER, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The question on this appeal is whether a prisoner, who was convicted of murder in the year 1911 and sentenced to life imprisonment and who has served five years and has obeyed all the rules and regulations of the institution in which he is confined, is entitled to a parole as a matter of right which he may enforce by writ of mandamus against the Board of Prison Commissioners.

The case arises in the following way: Plaintiff, Tom Neal, was indicted by the grand jury of Whitley county for the crime of murder committed in the month of June, 1911. On a trial before a jury in the month of September, 1911, the jury found him guilty and fixed his punishment at life imprisonment. In the month of October, 1911, he was sentenced and taken to the state penitentiary, where he is now confined. On October 14, 1916, and after he had served five years, he applied to the Board of Prison Commissioners for a parole, which was refused. Thereupon he brought this suit in the Franklin circuit court against Henry Hines and others, members of the Board of Prison Commissioners, to obtain a writ of mandamus requiring them to grant him a parole. In addition to the foregoing facts, he alleged that he had obeyed all the rules and regulations of the institution in which he was confined. A demurrer was sustained to the petition and the petition dismissed.

Plaintiff appeals.

In the year 1910, the legislature enacted the Indeterminate Sentence Law. C. 4 P. 22, Acts 1910. Under this act the jury merely found the defendant guilty and the court sentenced him to imprisonment for a period not less than the minimum punishment nor more than the maximum punishment prescribed by law. It further provided, however, that in cases of felony punishable by death or life imprisonment, the jury should fix the punishment and the court should pronounce the sentence found by the jury. The act also contained the following

provision: "A person sentenced to life imprisonment under this act shall be eligible to parole as now or may hereafter be prescribed by law."

At the same session the General Assembly passed an act repealing the parole act of March 21, 1900, and conferring upon the State Board of Penitentiary Commissioners the power to parole prisoners under certain conditions. C. 16 P. 61, Acts 1910. Section 2 of that act provides: "No person so confined shall be eligible to parole or entitled to the provisions of this act, until he shall have served the minimum term of imprisonment provided by law for the crime for which he was so committed, except prisoners committed for life, who shall have actually served five years, etc."

By an act approved March 20, 1912, the parole act of 1910 was amended, and it was provided that in all cases of felony where there was a judgment of conviction, the judge who tried the case should make a statement of all facts proven on the trial which he might deem important or necessary for the full comprehension of the case, which statement should be filed with the papers in the case and made a part of the record and transmitted by the clerk to the Board of Prison Commissioners, together with a transcript of the record containing the indictment or information and the judgment rendered. The act further provided that upon the said record and the prisoner's record while under confinement, the commissioners might in their discretion grant or refuse the parole or final discharge. C. 144 P. 653, Acts 1912.

In the year 1914, the General Assembly passed an act repealing all acts in conflict therewith and conferring upon the State Board of Penitentiary Commissioners, with the approval of the Governor, the power, "to parole and to permit to go and remain at large, outside the buildings and enclosures of the same, any person that is now confined or that hereafter may be confined in any penitentiary, reformatory, house of reform or other penal institution of the state now placed, or hereafter placed under the management or control of said board." C. 70 P. 197, Acts 1914. Under this act only those prisoners who had served their minimum time and obeyed the rules, and only life prisoners who had served eight years and obeyed the rules, were entitled to file an ap-

plication for a parole, and no parole could be granted unless approved by the Governor.

By an act approved March 23, 1916, the parole law was further amended so as to make eligible to a parole all prisoners who had served half their sentence with the exception of persons convicted for life or for sixteen years or longer, who were not eligible unless they had served at least eight years. This act also requires the approval of the Governor before a parole can be granted. C. 38, P. 428, Acts 1916.

In support of plaintiff's right to a mandamus, counsel for plaintiff argues as follows: Plaintiff was convicted under the Indeterminate Sentence Law of 1910. That law provided that a person sentenced to life imprisonment under its provisions shall be eligible to parole as may now or hereafter be prescribed by law. Thereafter, and at the same session, the legislature made a life prisoner who had served five years eligible to a parole. Plaintiff's rights were fixed by the two acts in question and, having served for five years, he is entitled to a parole as a matter of right under the rule laid down in Wilson v. Commonwealth, 141 Ky. 341, 132 S. W. 557. It may be doubted if a prisoner, sentenced for life, may be said to have been convicted under the Indeterminate Sentence Law, but even if this be conceded for the purpose of argument, that law provided that such a prisoner was eligible to parole, "as may now or hereafter be prescribed by law." That being true, it is clear that the act itself under which plaintiff claims to have been convicted, authorized a change in the parole law. Not only that, but it is equally clear that a prisoner has no vested right to a parole. On the contrary a parole is a mere matter of grace and a statute authorizing the granting of paroles may be amended or repealed at any time without violating the constitutional rights of prisoners. As a matter of fact, the parole acts of March 16, 1910, and March 20, 1912, authorizing the granting of a parole to a life prisoner who had served five years, were amended by the act of March 21, 1914, which provided that a life prisoner should not be allowed to file an application for a parole until eight years had elapsed since his confinement, and substantially the same provision was re-enacted by the act of March 23, 1916. By its very terms the act of 1914, as amended by the act of 1916, was made to apply to any person then confined or that there-

after might be confined in the penitentiary. It is clear therefore that the statute applies to plaintiff, and since under its provisions plaintiff was not entitled to file his application for a parole until he had actually served eight years, and since at the time of the filing of this suit he had not served for that length of time, this fact alone is a sufficient ground for refusing the writ of mandamus.

It is true that in the cases of Wilson v. Commonwealth, *supra*, and Board of Prison Commissioners v. DeMoss, 157 Ky. 289, 163 S. W. 183, it was held that under the parole act of 1910, a prisoner convicted under the Indeterminate Sentence Law and who had obeyed all the rules of the institution in which he was confined, was entitled to a parole as a matter of right after serving his minimum sentence, but this view of the question was based entirely on the fact that the prisoner's sentence had not been fixed by any judicial tribunal, and his confinement after the expiration of his minimum sentence would make his punishment to that extent depend solely upon the will of the Board of Prison Commissioners, a non-judicial body. Board of Prison Commissioners v. Smith, 155 Ky. 425, 159 S. W. 960. In the case under consideration, however, the prisoner's punishment was not indeterminate. It was fixed by the jury at life imprisonment, and the sentence pronounced in accordance with the verdict. The continuance of his confinement after he had become eligible to a parole would not therefore place it in the power of the Board of Prison Commissioners to fix his punishment. Furthermore the present parole act, which as we have seen applies to plaintiff, makes the granting of paroles by the board and Governor purely discretionary, and this discretion can not be controlled by mandamus.

Judgment affirmed.