## Commonwealth ex rel. Department of Public Welfare v. Polsgrove, County Judge.

(Decided June 23, 1933.)

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

HARRY V. McCHESNEY, Jr., for appellee.

Opinion by Judge Thomas—Dismissing Petition.

This is an original action brought in this court by the petitioner, commonwealth of Kentucky, on relation of its department of public welfare, against respondent, James H. Polsgrove, the county judge of Franklin county. The petition alleges that there has been filed before respondent as judge of the Franklin quarterly court about 175 actions by that many paroled prisoners from the penitentiaries of the commonwealth, against the department of public welfare in and for the commonwealth, and in each of which judgments are sought against defendant therein for different amounts ranging from $8 to possibly $18, none of them being of sufficient amount to allow defendant in the actions to appeal to the Franklin circuit court, and that respondent as judge of the Franklin quarterly court has no jurisdiction of any of such actions; but, if mistaken in that, then he will erroneously enter judgments against defendant therein, to the irreparable damage and injury to petitioner, and leaving it without adequate or any remedy.

The cause of action asserted by the various plaintiffs in the Franklin quarterly court is their right to recover the amount that section 3828-2 of the 1930 edition of Carroll's Kentucky Statutes directs to be paid to a paroled prisoner upon his release from confinement in the penitentiary under the provisions of our parole statute, being article 2, chapter 97, of the Statute, supra, beginning with section 3828-1. The portion of the statute furnishing the ground for the quarterly court actions is the last sentence in the section (3828-2) saying: "On the parole of any prisoner, he shall be provided at the expense of the Commonwealth with a suit of clothes, transportation to the county in this Commonwealth in which he has secured employment, and with five dollars ($5.00) in cash." Other parts of the section fix the time when a prisoner becomes eligible to a parole, and section 3828-1 vests authority and discretion in the board (now known as the department of public welfare), with the approval of the Governor, to grant the paroles, and in the case of Neal v. Hines, 180 Ky. 714, 203 S. W. 518, we held that the then statute vesting the same au-

thority and discretion in the board was not mandatory, although a prisoner might be eligible for a parole; but that, on the contrary, it was discretionary with the board as to whether it would or not exercise that authority in a particular case, and, being so, such discretion could not be controlled by the court so as to compel the board to grant a parole in any particular case. However, the excerpt, supra, from section 3828-2, requiring the board to make the payments to the paroled prisoner therein referred to, is mandatory in its terms, and must be complied with by the board in all cases where it grants a parole, and which payments are conditioned exclusively upon such granting. It was enacted under the police power of the state, and intended to accomplish a wholesome and healthy purpose by not turning loose upon society a convicted felon with no means of returning to his destination, or of obtaining food and shelter in the meantime. Such wants and necessities were attempted to be provided for by the statute in an effort to remove almost necessitous incentives to the commission of crime, if such furnishings were not made. The right of the paroled prisoners to the benefits conferred on him by the statute does not grow out of a contract, but, we repeat, it is bottomed upon a mandatory statute of the commonwealth which was enacted under the police power to accomplish the purposes we have stated.

Learned counsel for the commonwealth argue that respondent has no jurisdiction of the actions pending before him, as judge of the Franklin quarterly court, because the board, being an arm of the state government, cannot be sued without consent therefor being granted by the Legislature, which they insist has not been done. Prior to the enactment of chapter 38 of the Acts of the General Assembly of 1932, the state prisons in this commonwealth were under the jurisdiction and management of what was then designated as "The State Board of Charities and Corrections" (see section 216a-1 of the 1930 Edition of Carroll's Kentucky Statutes). The statute creating the board and defining its duties was chapter 7, page 9, of the Acts of 1920. It was amended by chapter 16, p. 81, of the Acts of 1928, and section 2 of the amendatory act (now section 216aa-2 of the 1930 Edition of Carroll's Kentucky Statutes) is in this language: "The board shall be a body politic and

corporate and have the powers to sue and be sued, contract and be contracted with, and is invested with all the powers necessary to carry into full effect the purposes of its establishment."

The 1920 act as so amended by the 1928 one contained all our statutory law relating to the subject when chapter 38 of the 1932 acts was enacted. That chapter by its title expressly purports to amend and re-enact certain designated sections of the statute relating to the management of the state prisons and asylums and the duties of the board having control of them, and it also changed the name of that board from "The State Board of Charities and Corrections" to "Department of Public Welfare," but it (the 1932 act) made no effort, either in its title or its body, to amend, repeal, or in any wise modify the above-inserted section 2 of the 1928 act incorporating the board and vesting it with the power to contract and be contracted with, and to sue and be sued. We therefore conclude that this ground, upon which counsel insist that respondent is proceeding out of his jurisdiction is unfounded.

If, however, it were otherwise, then, if respondent has jurisdiction of the person of the parties litigant in the causes pending before him, and of the amount involved, it could not reasonably be said that he had no jurisdiction to try and hear all questions that might be presented in the cases before him, including the one of whether or not plaintiffs in the actions could sue the defendant therein. However, if defendant was in fact not eligible to be sued, for the reason advanced by counsel for petitioner, then, perhaps, there would be ground for this original action in this court, if respondent was about to erroneously determine that the board, who is a defendant in those actions, could be sued without the consent of the state, and for that reason the writ prayed for herein should be granted, provided the other requisites therefor existed; i. e., great and irreparable injury and without adequate remedy. But we are met at the threshold with the proposition that there can be no injury (much less great and irreparable) to the petitioner herein when it is called upon in an appropriate action filed in a court having jurisdiction to discharge a mandatory statutory duty. Of course, no execution should issue on any judgment that respondent might render in any of the causes pending before him, but the plaintiffs

therein have the right to call upon a competent court to fix the amount (by judgment) to which they are each entitled under the above excerpt, and, after it is so determined and fixed by the judgment that the court might render, plaintiffs may then pursue whatever remedy is available to cause defendant in the judgment (the board in this case) to satisfy and pay the amount.

But it is also averred in the petition, and the point is relied on in briefs, that each of the plaintiffs in the quarterly court actions, upon being paroled, signed a writing releasing the commonwealth from the duty of paying the amounts sued for in those actions, and it is insisted that such action on their part relieved the commonwealth of its statutory duty to make the payments demanded, and that such defense has been interposed in each of the quarterly court cases, but respondent has indicated that he would disallow them, and which petitioner insists is an erroneous proceeding on his part, conceding that he has jurisdiction of the causes and the parties thereto. But we are unable to give our assent to that proposition. As hereinbefore said, the benefits to the paroled prisoner which the statute requires to be bestowed upon him is not founded in any contract right which one of the parties thereto might relinquish. But, as stated, being founded upon a sound public policy for the accomplishment of the purposes above enumerated, the commonwealth may not be exonerated from discharging such duty by consent of the paroled prisoner who, no doubt, would subscribe his name to any writing that might be presented to him in order to obtain his freedom.

Our conclusion, therefore, is that our parole statute made it the imperative duty of the board to comply with the provisions of the above excerpt therefrom, and to make the payments therein prescribed to every prisoner whom it paroles, and that the only escape from the performance of that duty is for the Legislature to amend the law so as to repeal the requirement, or to let the prisoner remain confined by not granting to him a parole.

Perceiving no ground for the granting of the writ prayed for, the petition is dismissed.

The whole court sitting.