### BOMBACINO v. UNITED STATES.

### No. 10214.

United States Court of Appeals, Seventh Circuit.

Heard Nov. 10, 1950.

Decided Dec. 4, 1950.

Louis Bombacino, pro se., for appellant.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., (Walter F. J. Krawiec, Asst. U. S. Atty., Chicago, Ill.), for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered by the District Court dismissing petitioner's petition, wherein the relief sought was an order "for a dismissal of the Federal warrant lodged against him." The petition alleged in substance that petitioner was conditionally released on parole from the Federal correctional institution at Terre Haute, Indiana, on May 29, 1948. On September 30 of the same year, petitioner was arrested for the theft of United States mail and turned over to the Illinois authorities for prosecution. Thereupon, petitioner was charged with a State offense in the Criminal Court of Cook County, Illinois, entered a plea of guilty and was sentenced to a term of one to ten years in the Illinois State Penitentiary. On arrival at such institution, he was advised that a Federal parole violation warrant was lodged against him.

The United States of America alone was made a party. There is no law, statutory or otherwise, which permits the institution of such action against the United States, and in the absence of such consent it cannot be sued. United States v. Geisler, 7 Cir., 174 F.2d 992, 998; State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Mine Safety Appliance Co. v. Forrestal, 326 U.S. 371, 374, 66 S.Ct. 219, 90 L.Ed. 140. While the United States was made a party, it appears that petitioner's alleged grievance is against the United States Board of Parole, which agency also cannot be sued, in the absence of express consent by Congress. Kennedy v. Public Works Administration, D.C., 23

F.Supp. 771, 772; Riordan v. Ferguson, D. C., 42 F.Supp. 47, 49; Thomason v. Works Projects Administration, 9 Cir., 138 F.2d 342; Wells v. Roper, 246 U.S. 335, 337, 38 S.Ct. 317, 62 L.Ed. 755.

In any event, petitioner's present detention is by reason of his commitment by a State court and not by the United States, the Board of Parole or any of its members. The instant action is, therefore, premature. Whether there is any merit in petitioner's alleged grievance upon which he is entitled to be heard at the appropriate time, either in this or some other jurisdiction, we express no opinion.

The order appealed from is affirmed.