QUINTÍN GARAY RESTO, Petitioner, *v.* PAROLE BOARD, ETC., Respondent.

No. 457. Argued May 1, 1952.—Decided April 13, 1953.

*Santos P. Amadeo* and *Rafael V. Pérez Marchand* for petitioner. *J. B. Fernández Badillo, Acting Attorney General* (*Víctor Gutiérrez Franqui, Former Attorney General* on the brief), and *Omar Cancio Sifre, Assistant Attorney General,* for respondent.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On August 23, 1946, Quintín Garay Resto was sentenced to serve an indeterminate sentence of from eight to fifteen years in the penitentiary for the offense of rape committed on January 7 of that same year. On July 7, 1951, he had served one-fourth of the maximum term of said sentence. He then requested the Parole Board to assume jurisdiction of his case and determine whether or not they would parole him. The Board refused to do so, on the ground that by virtue of the provisions of Act No. 295 of April 10, 1946 (Sess. Laws, p. 758) as amended, it could not assume jurisdiction over petitioner until he served in prison the minimum term of his sentence. As a result of said refusal the present action of mandamus was filed.

The respondent Board accepted the essential facts of the complaint which are stated above, but denied that Act No. 295 of April 10, 1946, as amended by Act No. 176 of May 4, 1949 (Sess. Laws, p. 552), was *ex post facto* in its application to petitioner, and set up the following special defenses: (1) Lack of jurisdiction of this Court because this action is really against the People of Puerto Rico and the latter has not given its consent to be sued; (2) Nonexistence of any ministerial duty; (3) This is not the proper proceeding to consider the validity of Act No. 295, and (4) Plaintiff has not been deprived of any substantive right.

As we have seen the facts are not in issue. As regards the other questions raised it will be sufficient to state that this Court has jurisdiction to entertain the petition, for this is not an action against the People of Puerto Rico as the respondent Board contends. This action is one directed

essentially to obtain the declaration of eligibility of the petitioner to be paroled, and for said purpose the action lies. *McNally* v. *Hill*, 293 U. S. 131, 79 L. Ed. 238; *Walton* v. *Hiatt*, D. C. Pa. 1943, 50 F. Supp. 690. The cases of *Bombacino* v. *United States*, 185 F. 2d 396 and *Commonwealth* v. *Polsgrove*, 61 S. W. 2d 1076, cited by the Board, are not in point.

■ However, since the indeterminate sentence rendered herein is *ex post facto*, and hence void, *Emanuelli* v. *District Court*, certiorari No. 1920 and *People* v. *District Court*, certiorari No. 1921, *ante* p. 506, no sentence whatsoever exists at law on which the Board may take action, and, therefore, there is no duty on its part which may give rise to mandamus. To invoke mandamus, it is necessary that petitioner be again sentenced for the offense of which he was convicted.

Consequently, the petition will be dismissed.

Mr. Justice Ortiz did not take part in the decision of this case.