QUINTÍN GARAY RESTO, peticionario, *v.* JUNTA DE LIBERTAD BAJO PALABRA, ETC., demandada.

Número 457.
*Sometido:* 1 de mayo de 1952. *Resuelto:* 13 de abril de 1953.

*Santos P. Amadeo* y *Rafael V. Pérez Marchand,* abogados del peticionario; *Hon. Procurador General Interino J. B. Fernández Badillo (Víctor Gutiérrez Franqui, Exprocurador General,* en el alegato), y *Omar Cancio Sifre, Procurador General Auxiliar,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 23 de agosto de 1946 Quintín Garay Resto fué sentenciado a sufrir una pena indeterminada de 8 a 15 años de presidio por un delito de violación cometido el 7 de enero de ese mismo año. El 7 de julio de 1951 dejó extinguida una cuarta parte del término máximo de dicha sentencia. Con tal motivo solicitó de la Junta de Libertad Bajo Palabra que asumiera jurisdicción en su caso para que determinara si le concedía o no la libertad bajo palabra. La Junta se negó a ello, fundándose en que por virtud de las disposiciones de la Ley núm. 295 de 15 de mayo de 1946 ((1) pág. 759), según enmendada, no podía asumir jurisdicción sobre el peticionario hasta que éste extinguiera en el penal el período mínimo de la pena impuéstale. La presente acción de *mandamus* se instó contra la Junta como consecuencia de dicha negativa.

La Junta demandada aceptó los hechos esenciales de la

demanda, que son los arriba expuestos, pero negó que la Ley 295 de 15 de mayo de 1946, enmendada por la núm. 176 de 4 de mayo de 1949 ((1) pág. 553), fuera *ex post facto* en su aplicación al peticionario, estableciendo además las siguientes defensas especiales: (1) Falta de jurisdicción de este Tribunal porque esta acción es una verdaderamente contra El Pueblo de Puerto Rico y éste no ha dado su consentimiento para ser demandado; (2) Ausencia de deber ministerial alguno; (3) El recurso no es apropiado para considerar la validez de la Ley 295 y (4) El demandante no ha sido privado de derecho alguno de naturaleza sustantiva.

■■ No existe, como hemos visto, controversia sobre los hechos. Sobre las demás cuestiones planteadas será suficiente expresar que este Tribunal tiene jurisdicción para conocer de este recurso, pues no se trata aquí de una acción contra El Pueblo de Puerto Rico, como sostiene la Junta demandada. Dicha acción es una dirigida esencialmente a obtener la declaración de elegibilidad del peticionario para la libertad bajo palabra, y a tales fines la acción es apropiada. *McNally v. Hill*, 293 U.S. 131, 79 L. ed. 238; *Walton* v. *Hiatt*, D.C. Pa. 1943, 50 F.Supp. 690. Los casos de *Bombacino* v. *United States*, 185 F.2d 396 y *Commonwealth* v. *Polsgrove*, 61 S.W.2d 1076, citados por la Junta, no son aplicables.

■ Sin embargo, siendo nula, por *ex post facto*, la sentencia indeterminada aquí dictada, *Emanuelli* v. *Tribunal de Distrito*, certiorari 1920 y *El Pueblo v. Tribunal de Distrito*, certiorari 1921, ante pág. 541, no existe sentencia alguna en ley sobre la cual pueda la Junta tomar acción en su caso, y por lo tanto no existe deber alguno de su parte que pueda dar lugar a un *mandamus*. Para ello es necesario que el peticionario sea nuevamente sentenciado por el delito de que fué convicto.

*En consecuencia, la petición será declarada sin lugar.*

El Juez Asociado Señor Ortiz no intervino.