**George L. MORRIS, Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary and Commonwealth of Kentucky, Appellees.**

Court of Appeals of Kentucky.

May 31, 1968.

George L. Morris, pro se., Eddyville.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellees.

STEINFELD, Judge.

On June 20, 1953, appellant, George L. Morris, was convicted of murder and on February 4, 1954, he was convicted on two counts of armed robbery. Upon each conviction he was sentenced to life imprisonment. Morris was paroled on April 13, 1965, on certain conditions, and was returned to prison on May 15, 1967, for violation of the terms of the parole. This appeal is from a final order of the circuit court dismissing Morris' petition for writ of habeas corpus. We affirm.

Morris contends that the parole was revoked under the provisions of KRS 439.430 whereas KRS 439.190 was controlling as to him. KRS 439.190 provided in part:

"The department may, with the approval of the Governor, whenever a paroled prisoner violates the conditions of his parole or commits any offense, or whenever, in the opinion of the department, the welfare of the paroled prisoner or of society demands such action, cause the paroled prisoner to be rearrested, retaken to and reconfined in the penitentiary."

KRS 439.190 was repealed in 1956 (Kentucky Acts 1956, Chapter 101, section 34) and KRS 439.430 simultaneously was enacted to replace it. Kentucky Acts, 1956, Chapter 101, section 19. Since 1956 KRS 439.430 has been amended several times, the last amendment having been adopted in 1966, Kentucky Acts, 1966, Chapter 257.

Morris argues that the repeal of KRS 439.190 was an ex post facto act as to him and that he was entitled to the benefit of that statute. " * * * parole is not a right, but a privilege to be granted or withheld within the discretion of the board of charities and corrections * * * ". Commonwealth v. Polsgrove, 231 Ky. 750, 22 S.W.2d 126 (1929); Neal v. Hines, 180 Ky. 714, 203 S.W. 518 (1918) and Commonwealth, Department of Public Welfare v. Polsgrove, 250 Ky. 124, 61 S.W.2d 1076 (1933). Modification of the procedure with respect to the privilege did not violate the constitutional prohibitions against enactment of ex post facto laws. Shelley v. National Carbon Co.,

285 Ky. 502, 148 S.W.2d 686 (1941). Also see 16 Am.Jur.2d 744, Const.Law, section 404.

An answer to Morris' claim that his revocation proceedings were controlled by KRS 439.190 is that this statute had been repealed before he was paroled. His parole was granted pursuant to KRS 439.430, therefore, he cannot complain because the procedure for revocation did not follow the repealed statute.

The judgment is affirmed.

All concur.