John W. **WINGO**, Warden, Kentucky State Penitentiary, Appellant,

v.

John J. **LYONS**, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1968.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, James E. Story, County Atty., Lyon County, Eddyville, for appellant.

Wendell H. Rorie, Hopkinsville, for appellee.

EDWARD P. HILL, Judge.

This is an appeal by John W. Wingo, Warden of Kentucky State Penitentiary, from a judgment of the Lyon Circuit Court sustaining the petition for writ of habeas corpus filed by John J. Lyons in which judgment appellant was directed to release the appellee from prison and reinstate his parole.

Appellee was convicted October 24, 1961, on the charge of armed robbery, under which conviction he was given a prison sentence of 21 years. On June 19, 1967, appellee was released on parole and placed under the supervision of the parole board authorities in the State of Florida. Two of the conditions of his parole were that he not drink alcoholic beverages and that he see a psychotherapist while in Florida.

On August 1, 1967, the appellee pleaded guilty in Lauderhill Municipal Court, Broward County, Florida, to charges of recklessly displaying a butcher knife and public drunkenness. He was sentenced to serve 15 days in the county jail and was given a suspended sentence on the public intoxication charge. The Florida authorities, in accordance with Interstate Compact for the Supervision of Parolees and Probationers, then requested that the appellee be returned to Kentucky. The Kentucky State Parole Board reviewed appellee's case and revoked his parole.

It was the contention of the appellee in the trial court and in this court that his constitutional rights were violated for failure of the Florida court to provide him with counsel on his trial in the Florida court, and for the further reason that he was not furnished counsel to represent him before the Kentucky State Parole Board when his parole was revoked. Appellee relies upon the case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The judgment appealed from also relies upon Mempa, supra, as holding that appellee was entitled to the appointment of counsel both at his trial in Florida and before the parole board.

The appellant takes the position that Mempa, supra, is distinguishable from the present case in that in Mempa defendant was never sentenced and that in Mempa a probation was involved, whereas the present case concerns the rights of a parolee.

The consideration for granting parole under KRS 439.340 is the "best interest of society and not as an award of clemency, and it shall not be considered a reduction of sentence or pardon." That the parole board retains control and supervision of

the parolee during the term of his parole is vouchsafed by KRS 439.346, which states: "During the period of his parole the prisoner shall be amenable to the orders of the board and the division." See also KRS 439.348, which we quote:

"Paroled prisoners shall be under the supervision of the division and subject to its direction for the duration of parole. Supervision of the parolee by the division shall cease at the time of recommitment of the prisoner to prison as a parole violator, or at the time a final discharge from parole is granted to the parolee by the board."

A very similar factual situation was presented in Mahan v. Buchanan, 310 Ky. 832, 221 S.W.2d 945 (1949), where this court upheld a denial of a writ of habeas corpus. We quote therefrom at page 947:

"We note under KRS 439.150 [now KRS 439.342, 439.346, and 439.348] above, that the parolee is at all times during the continuance of the parole in the legal custody of the Department. Mahan was already in the legal custody of the Department. The mere fact that he was rearrested does not change that status. Habeas corpus lies where persons are held in custody illegally."

\*   \*   \*   \*   \*   \*

" 'The prisoner who has been paroled and has subsequently been rearrested under a warrant by the board is not illegally detained in custody.' "

See also Rose v. Haskins, 388 F.2d 91, 95 (6 Cir. 1968), wherein the court said that:

"A state prisoner does not have a constitutional right to a hearing on a state parole revocation."

\*   \*   \*   \*   \*   \*

"Even in the federal parole system, where Congress has provided for a hearing in parole revocation proceedings, the hearing is limited and does not approach a judicial proceeding."

We hold that a hearing before the parole board to determine whether or not a parole should be revoked is not such a "critical" part of criminal proceeding as to require the appointment of counsel. It becomes unimportant whether appellee was or was not entitled to counsel in his case in the Florida court when it is recalled that one of the conditions of his parole was that he not drink intoxicants, and there is no contention that appellee denies having violated that condition.

The judgment is reversed with directions to enter an order dismissing the petition for writ of habeas corpus.

All concur.