George L. MORRIS, Petitioner-Appellant,

v.

John W. WINGO, Warden Kentucky State Penitentiary, Respondent-Appellee.

No. 19425.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 1970.

George L. Morris in pro. per.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., on brief for respondent-appellee.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by George L. Morris, petitioner-appellant, from an order of the United States District Court for the Western District of Kentucky, Paducah Division, denying his petition for a writ of habeas corpus. Actually the petitioner had filed two petitions in the District Court and the district judge considered them together and denied them by order under date of December 2, 1968.

Morris is confined in the Kentucky State Penitentiary at Eddyville on conviction by a plea of guilty of murder in 1953, and upon conviction of two counts of armed robbery in 1954. He received life sentences on all three charges. He does not challenge the convictions in these proceedings. He was paroled in April, 1965 and reimprisoned for parole violation in May, 1967.

In his first petition before the District Court the petitioner claims that his arrest was invalid because the warrant was not signed by the governor as required by KRS Section 439.190. There is no merit to this contention. KRS Section 439.190 was repealed in 1956 (Kentucky Acts 1956, Chapter 101, Section 34) and KRS 439.430 was simultaneously enacted to replace it. KRS Section 439.430 provides in part,

> "Any parole, probation or conditional release officer having reason to believe that a parolee or conditional releasee has violated the terms of his release may arrest such person without a warrant or may deputize any other peace officer to do so by giving him a written statement setting forth that the parolee or conditional releasee, in the judgment of the probation, parole

**652**

or conditional release officer, has violated the conditions of his release."

The Kentucky Court of Appeals held that the petitioner's arrest was governed by this section and not KRS 439.190. Morris v. Wingo, 428 S.W.2d 765 (1968). We agree.

 In his second petition before the District Court Morris alleges that he was arrested as a parole violator for the reason that he violated the conditions of his parole by going into McCracken County and for carrying a concealed weapon. He claims that he can disprove these charges and that he was entitled to have a lawyer appointed to represent him and that he should be given an opportunity in a hearing to disprove them. This failure to give him a hearing, he argues, was a violation of his federal constitutional rights.

We said in Rose v. Haskins, 6 Cir., 388 F.2d 91,

"It is axiomatic that the administration of the state's penal system is exclusively a state function under the reserved powers in the Constitution."

The Court of Appeals of Kentucky has not passed on the question of whether the petitioner was entitled to a hearing on the warrant for his arrest as a parole violator. Thus he has not exhausted the remedies[1] available to him in the courts of the State (Section 2254, Title 28, U.S.C.) and we do not reach the question of the violation of his constitutional rights by reason of not having had a hearing on the revocation of his parole.

We affirm the judgment of the District Court on appellant's first petition for the reasons stated in the order of the district judge, (Dec. 2, 1968) and upon the opinion of the Kentucky Court of Appeals in Morris v. Wingo, supra.

We affirm the judgment of the District Court on appellant's second petition for the reason that he has not exhausted his state remedies on the question presented in that petition.

CELEBREZZE, Circuit Judge (concurring).

While I do not agree with this Court's holding in Rose v. Haskins, 388 F.2d 91, for the reasons set forth in my dissenting opinion therein, I am in agreement with the findings of this opinion and accordingly concur.

---

[1]. Section 419.020 KRS (Issuance of writ of habeas corpus). Wingo v. Lyons, Ky., 432 S.W.2d 821.