Morganna **ROBERTS**, Petitioner,

v.

Edward **SCHABELL**, Campbell County Jailer, and Al Howe, Sheriff, Campbell County, Respondents.

No. 1684.

United States District Court,
E. D. Kentucky,
Covington Division.

Oct. 12, 1972.

Thomas F. Waldron, Cincinnati, Ohio, Richard Slukich, Covington, Ky., for petitioner.

No appearance for respondents.

## MEMORANDUM

SWINFORD, District Judge.

This application for habeas corpus relief is before the court on the petitioner's motion for bond. It is the judgment of the court that the motion must be denied and the petition dismissed without prejudice.

The petitioner was convicted by the Campbell Circuit Court of Campbell County, Kentucky for the crime of indecent exposure. She was sentenced to ten days imprisonment and was fined $5,000.00. Thereafter she was placed on bond pending appeal, and although her appeal was finally dismissed by the Kentucky Court of Appeals, it appears that the respondent has not attempted to execute sentence.

The petitioner has moved the court to fix bond pending final determination of the habeas corpus application. Under exigent circumstances it is possible for a district court to place an applicant for habeas corpus relief on bond, however it is clear in this case that there exist no such exigent circumstances. See 56 A.L.R.2d Bail–Habeas Corpus 668. For the reasons that there are no salient circumstances that would necessitate or justify fixing bond; that the petitioner is presently free on bond;

and that it is the opinion of the court for reasons hereinafter explained, that it should not accept jurisdiction, the motion for bond must be denied.

Inasmuch as the petitioner is not in the physical custody of the sheriff of Campbell County the question arises as to whether the "in custody" requirement of section 2241 of Title 28, United States Code has been satisfied. There is authority to the effect that an applicant who is free on bond is sufficiently in custody to satisfy the requirements of section 2241. Marden v. Purdy, 409 F. 2d 784 (5 Cir. 1969). Although the requirements of section 2241 may be satisfied, it does not appear that the petitioner has fulfilled the exhaustion of remedies requirements of section 2254. The court is, therefore, convinced that it should not accept jurisdiction.

■■ Before a state court prisoner may seek habeas corpus relief in the federal courts it must be established that he has exhausted all of his state court remedies. This rule of comity is to be strictly followed. A Kentucky State Court prisoner cannot claim to have exhausted his state court remedies unless he has prosecuted a RCr 11.42 motion to vacate sentence. Weigand v. Wingo, 380 F.2d 1022 (6 Cir. 1967). Additionally any adverse ruling the convicting court may enter on the petitioner's motion to vacate must be appealed to the Kentucky Court of Appeals before the petitioner will be considered to have satisfied the exhaustion of remedies requirements of section 2254. See Morris v. Wingo, 421 F.2d 651 (6 Cir. 1970).

The petitioner has alleged that she has exhausted "all remedies available in the State of Kentucky", but it appears from the petition that all she has attempted to do is to perfect a direct appeal. It does not appear that she has attempted to challenge her judgment and sentence by a collateral attack in the state courts; to wit, there are no allegations that she has made a motion to vacate sentence pursuant to RCr 11.42. For this reason it is the opinion of the court that she has not exhausted her state court remedies as required by section 2254 and that the petition must be dismissed without prejudice. An order to that effect has heretofore been entered.