**William Amos COLVIN, Petitioner,**

v.

**Henry E. COWAN, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Respondent.**

**Civ. A. No. 1706.**

United States District Court, E. D. Kentucky, Pikeville Division.

Nov. 26, 1973.

**1138**

Herman W. Lester, Pikeville, Ky., for petitioner.

Ed. W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for respondent.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

The petitioner is incarcerated in the Kentucky State Penitentiary pursuant to judgments of conviction for breaking and entering a storehouse and forgery entered by the Johnson County Circuit Court on June 10, 1971 upon his pleas of guilty. Petitioner is making his fourth bid in this Court for Habeas Corpus relief, 28 U.S.C. § 2254. All prior petitions have been denied for failure to exhaust available State Court remedies. Morris v. Wingo, 421 F.2d 651 (6th Cir. 1970). Upon pleadings indicating unsuccessful good faith efforts to seek substantive review in State Courts, an evidentiary hearing was held on October 29, 1973. Terry v. Wingo, 454 F.2d 694 (6th Cir. 1972).

■ Petitioner's arguments amount to allegations of ineffective assistance of counsel and failure of the State to perform the terms of negotiated pleas of guilty. The ineffective assistance of counsel argument is unsupported and must be rejected. Petitioner's counsel negotiated minimal, concurrent sentences on two (2) felony charges at a time when petitioner was incarcerated on another felony charge. Stidham v. Wingo, 482 F.2d 817 (6th Cir. 1973).

■ Petitioner's argument that the negotiated pleas of guilty included the unkept promise that they would run concurrently with the sentence he was then serving fails upon the proof offered. A pleading filed on May 13, 1971 pro se styled "Notice of Appeal To Be Filed" and before the date of his final judgments of conviction does not raise the question of an unkept promise and upon the testimony of the Trial Judge and other witnesses the conclusion is necessary that this argument is an after thought reached by the petitioner subsequent to his filing several pleadings calculated to secure State Court review.

■ Following the evidentiary hearing there was filed a copy of the entire

State Trial Court record, the record in the Court of Appeals of Kentucky had been filed earlier. A careful consideration of the Trial Court record raises serious questions not directly presented by petitioner to this Court. It is sufficient to delineate but one of these circumstances.

On May 13, 1971 petitioner filed a Notice of Appeal. A part of this pleading was a motion to proceed *in forma pauperis* with a notarized affidavit of indigent status (see Kentucky Rules of Criminal Procedure, hereafter R.Cr., Section 12.63). The filing was timely, R.Cr. 12.54. Request for a copy of the transcript was made, R.Cr. 12.64. Petitioner asked for the assistance of appointed counsel.

Prior to filing the Notice of Appeal and before entry of final judgment, petitioner filed a Motion to Vacate or Set Aside the Judgment and Sentence on grounds amounting to denial of assistance of counsel. This latter motion was overruled by the Johnson County Circuit Court on May 20, 1971 and on June 10, 1971. There is no evidence in the record that the Trial Court ever ruled on the motions filed at the time of and with the Notice of Appeal. A silent record augers against the presumption of regularity of Court proceedings in this instance.

The record shows conclusively that petitioner sought to exercise the right of appeal and that he did not secure an appeal. Any explanation in mitigation of this circumstance, except abandonment of the motion, which is not indicated, must be viewed as pure rhetoric and cannot stand before the holding of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The Sixth Circuit has followed *Griffin* in Duke v. Wingo, 386 F.2d 304 (6th Cir. 1967); clearly this Court is warranted in intervening where the record demonstrates a failure of the petitioner to secure requested rights protected by the Federal Constitution. It is immaterial that petitioner did not squarely raise the question. Where plain error of a deprivation of constitutional rights is presented, it is the duty of the Court to pass upon it. See, for example, Ingram v. Richardson, 471 F.2d 1268, 1270 (6th Cir. 1972). Petitioner seeks relief under 28 U.S.C. § 2254, and this Court finds the record in this matter justifies the granting of such petition.

Accordingly, petitioner's motion for Writ of Habeas Corpus shall be sustained on condition. A Writ shall issue but shall be stayed for a period of ninety (90) days from the date of this Opinion and Order to permit the Kentucky Courts to consider whether petitioner shall be granted the right of belated appeal with the assistance of appointed counsel, if warranted by his financial condition. If no such appeal is granted, the Writ of Habeas Corpus shall become absolute upon expiration of the stay period and petitioner shall be released from confinement attributable to Johnson County Circuit Court Indictments numbers 5615 and 5617 and the judgments of conviction entered with respect to those specific charges. The parties shall advise the Court timely of any State Court orders material to this proceeding.

This cause shall remain on the docket for such further orders as may be appropriate for a period of ninety-five (95) days at which time it shall be stricken from the docket without further order of Court.