Thomas **LANDRUM**, Petitioner,

v.

**COMMONWEALTH OF KENTUCKY,**
Respondent.

Civ. No. 74–56.

United States District Court,
E. D. Kentucky,
Covington Division.

Sept. 11, 1974.

Thomas Landrum pro se.

Ed Hancock, Atty. Gen., Frankfort, Ky., for respondent.

MEMORANDUM AND ORDER

SWINFORD, District Judge.

This application for habeas corpus relief attacks Landrum's 1973 conviction in Kenton Circuit Court for uttering a forged check, operating a motor vehicle without the owner's consent, and being an habitual criminal. It is alleged that the petitioner was indicted for forgery in 1968 while serving a sentence imposed by the United States District Court for the Eastern District of Kentucky; however, a detainer lodged with federal authorities was subsequently withdrawn in response to the defendant's demands for a speedy trial. Despite this alleged waiver of jurisdiction, the Commonwealth later proceeded to try and convict Landrum on the forgery indictment. It is further asserted that the consecutive ten and fifteen year sentences on the other two charges violated the Kentucky Habitual Criminal Act,

---

K.R.S. 431.190. See Covington v. Commonwealth, Ky., 481 S.W.2d 62 (1972); Johnson v. Commonwealth, Ky., 445 S. W.2d 704 (1969); Hardin v. Commonwealth, Ky., 428 S.W.2d 224 (1968).

On April 3, 1974, Landrum asked the trial court to exercise its discretionary authority to permit concurrent sentences, Rule 11.42, Kentucky Rules of Criminal Procedure; this motion was overruled in an order reciting the propriety of the terms imposed. A subsequent collateral attack founded upon an alleged infringement of the right to appeal is scheduled for hearing on September 23, 1974, before the Kenton Circuit Court. The respondent has moved to dismiss in view of the continuing state proceedings and the petitioner's failure to exhaust state remedies.

The court agrees that Landrum has failed to satisfy the exhaustion prerequisite of 28 U.S.C. § 2254. Neither of the petitioner's two motions to vacate judgment propounds the arguments forwarded in the case at bar. The exhaustion mandate contemplates a prior state adjudication of the specific issue before the federal court:

> "We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution,' . . . it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 275–276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438

(1971), quoting Ex parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886).

Aside from the variance in collateral attacks, the record reveals that neither the conviction itself nor the initial motion to vacate were reviewed; "an appeal to the State Court of Appeals is a necessary step in the exhaustion of State remedies in the Commonwealth of Kentucky." Terry v. Wingo, 6th Cir., 454 F.2d 694, 695 (1972); Morris v. Wingo, 6th Cir., 421 F.2d 651 (1970); Roberts v. Schabell, E.D.Ky., 348 F.Supp. 753, 754 (1972). This omission is not cured by the mere allegation that further state efforts are futile. While a meaningless foray through local tribunals is not required, 28 U.S.C. § 2254(b); Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Matthews v. Wingo, 6th Cir., 474 F.2d 1266 (1973), cert. denied 411 U.S. 985, 93 S.Ct. 2283, 36 L.Ed.2d 963 (1973), the Kenton Circuit Court and the Kentucky Court of Appeals have not been afforded an opportunity to consider the claims forwarded in the case at bar.

Maintenance of a federal habeas action is further dissuaded by the pendency of a motion to vacate before the Kenton Circuit Court:

> "We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously, except in the unusual circumstance that the state court proceeding is not going ahead." Belbin v. Picard, 1st Cir., 454 F.2d 202, 204 (1972).

See Buel v. Decker, 5th Cir., 429 F.2d 1314 (1970); Lynch v. Field, 9th Cir., 415 F.2d 776 (1969). The "careful balance" forged by the exhaustion concept, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), would be abused by a premature federal involvement in state postconviction proceedings.

It is ordered that the respondent's motion to dismiss be and the same hereby is sustained and that the petition for writ of habeas corpus be and the same hereby is dismissed.