George PHILLIPS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–000969–MR.

Court of Appeals of Kentucky.

Feb. 24, 2012.

As Modified April 6, 2012.

Discretionary Review Denied by Supreme Court June 13, 2012.

Shelly R. Fears, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; LAMBERT and THOMPSON, Judges.

### OPINION

LAMBERT, Judge:

After entering a conditional guilty plea, George Phillips appeals from the Barren Circuit Court's denial of his motion to dismiss the charges pending against him for failure to comply with sex offender registration and persistent felony offender in the first degree. After careful review, we affirm the trial court's order denying Phillips' motion to dismiss the charges and vacate the trial court's imposition of court costs and a fine.

On February 5, 2009, Phillips was indicted by a Barren County grand jury on one count of failure to comply with sex offender registration, first offense, and one count of persistent felony offender in the first degree. Phillips filed several motions to dismiss, all of which were denied. Thereafter, Phillips entered a conditional guilty plea to one count of failure to comply with sex offender registration, first offense, on April 29, 2010, reserving his right to appeal the trial court's denial of his motion to dismiss. The persistent felony offender charge was dismissed. Phillips was sentenced in accordance with his guilty plea to five years' imprisonment.

Prior to the instant case, Phillips was convicted of rape in the first degree, sodomy in the first degree, and burglary in the first degree in Clark Circuit Court Case No. 82–CR–00037–002, and he was sentenced to consecutive ten-year terms of imprisonment for each of the three convictions. Phillips was released from prison in March 2005 after serving seven years and six months on each conviction.

In 1994, the Kentucky legislature enacted what is commonly referred to as "Megan's Law," codified as Kentucky Revised Statutes (KRS) 17.500–17.540 and formally entitled the Sexual Offender Registration Act (SORA). SORA required any person convicted of a sex crime after July 15, 1994, to register as a sex offender. In 1998, SORA was amended to extend the registration requirement to persons sentenced or incarcerated after July 15, 1998. Also in 1998, the statute was amended to establish a system of evaluation and classification through risk assessments. The trial court was to determine the required length of registration following a risk assessment and a hearing. In 2000, the General Assembly again amended the statute to eliminate any need for a hearing in the risk assessment procedure. The statute was amended to require that any person convicted of rape–1st degree or sodomy–1st degree be subject to a lifetime registration requirement.

On March 19, 2010, Phillips filed a motion to dismiss the charges against him, arguing that SORA did not apply to him. Specifically, he argued that with good time credit, he had served out his rape and sodomy convictions by the time of the adoption of the 1998 and 2000 amendments, and therefore the registration requirements did not apply to him. The trial court denied the motion to dismiss, first noting that good time credit is administered by the Department of Corrections and can be given or taken away. The trial court also held that KRS 532.120 established how "indeterminate" sentences, such as Phillips' sentence for ten years on each count of rape, sodomy, and burglary in the

first degree, should be calculated. The statute provides as follows: "If the sentences run consecutively, the maximum terms are added to arrive at the aggregate maximum term equal to the sum of all the maximum terms." Therefore, the trial court held that Phillips was still serving his convictions for rape and sodomy, along with his burglary conviction, at the time of the 1998 and 2000 amendments. The trial court concluded that the provisions of "Megan's Law" applied to Phillips and denied the motion to dismiss. Finally, the trial court held that the registration requirements of "Megan's Law" are remedial in nature and therefore are not subject to an *ex post facto* challenge.

Phillips now appeals the trial court's April 27, 2010, order denying his motion to dismiss. On appeal, Phillips argues that the trial court denied him due process of law when it denied his motion to dismiss, resulting in *ex post facto* application of the sex offender registration requirements. As he did before the trial court below, Phillips argues that the notice of discharge from the Kentucky State Penitentiary dated March 16, 2005, set forth his convictions in the following order: rape in the first degree; sodomy in the first degree; and burglary in the first degree and noted two counts of promoting contraband in the first degree from 1985 and 1989. Phillips contends that the three sentences should be treated as three separate ten-year sentences, the first two of which, the sex offenses, had been completely served out prior to the amendments to SORA.

■ In support of his argument that he was denied a liberty interest, Phillips argues that he was denied due process of law when his parole recommendation was rescinded prior to release in 1997. Phillips argues that he was granted parole by the Parole Board Chair Helen Howard Hughes in a form dated February 7, 1997.

The form on which Phillips relies is a "Parole Interview Worksheet." However, on May 20, 1997, Phillips argues the new Parole Board Chair, Linda Frank, arbitrarily decided that Phillips must attend and complete the sex offender treatment program. The form on which Phillips relies for this allegation is entitled "Kentucky Parole Board Decision." A review of the record indicates the original parole recommendation was not a full board decision for parole, but was instead a single step in the Parole Board's decision making process. Either way, there simply is no liberty interest in parole. *See Stewart v. Commonwealth*, 153 S.W.3d 789, 791–92 (Ky.2005). "The fact that the Board may have changed its mind before the inmate was actually placed on parole is not a violation of due process." *Id.* at 792. Even if the forms Phillips cites to constitute proof that the Parole Board changed its mind concerning its parole recommendation, it would not matter. Phillips had no liberty interest in parole, and the Parole Board could change its mind at any time prior to actual release. *Id.* Thus, we agree with the Commonwealth that Phillips was not deprived of due process of law in this regard, and his arguments to the contrary are without merit.

■ Phillips' argument that he had served his time on the sex offenses prior to the 1998 and 2000 amendments to SORA is also without merit. As noted by the trial court, KRS 532.120(1)(b) controls the issue of indeterminate sentences. It states, in pertinent part:

(1) An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the Department of Corrections. When a person is under more than one (1) indeterminate sentence, the sentences shall be calculated as follows:

. . . .

(b) If the sentences run consecutively, the maximum terms are added to arrive at an aggregate maximum term equal to the sum of all the maximum terms.

Under this statute, Phillips was still serving his sentence for his rape and sodomy convictions when the 1998 and 2000 amendments to SORA went into effect. As such, upon Phillips' release, he was required to register as a sex offender.

■ Phillips' argument that the requirement for a sex offender treatment program was applied *ex post facto* to him is also without merit. Again, KRS 532.120(2)(b) and *Stewart, supra,* control in this situation. Since Phillips was still incarcerated when the 2000 amendments to SORA went into effect, they control whether he is required to undergo a sex offender risk assessment. At the time of his release, a sex offender risk assessment was not required prior to completion of the Sex Offender Treatment Program.

Phillips relies on *Hyatt v. Commonwealth,* 72 S.W.3d 566 (Ky.2002), and *Bray v. Commonwealth,* 203 S.W.3d 160 (Ky. App.2006), to support the conclusion that he should have been required to undergo a sex offender risk assessment. We agree with the Commonwealth, however, that these cases are easily distinguishable. In both cases, the defendants had been released from incarceration prior to the enactment of the 2000 amendments to SORA. As such, the defendants in *Hyatt* and *Bray* were incarcerated and bound by the 1998 amendments to SORA, which required a sex offender risk assessment, but were out of incarceration when the 2000 amendments removed the requirement for a sex offender risk assessment. In contrast, Phillips was incarcerated at the time of both amendments, and as such, a sex offender risk assessment is not mandated in his case.

Furthermore, the Kentucky Supreme Court addressed any *ex post facto* implications of requiring compliance with the Sex Offender Treatment Program as a condition of parole in *Stewart, supra.*

> The imposition of a condition of attendance at a Sex Offender Treatment Program is not punishment. It is merely a condition of parole which is within the sound discretion of the Parole Board. The completion of the program does not make the punishment more onerous for crimes committed before its enactment. Stewart has not been disadvantaged.

> Utilization of the Sex Offender Treatment Program by the Parole Board is one of the options available to the Board in determining the conditions of parole. The pertinent information required by statute is not limited to the individual facts of a particular crime, but rather encompasses matters that are relevant to the question of a determination that parole would be in the best interests of society. The Sexual Offender Treatment Program is required for sex offenders, but that does not mean that it cannot be a condition of parole for other offenders on a case-by-case basis.

*Id.* at 793–94.

■■ "In Kentucky, parole is a matter of legislative grace." *Belcher v. Kentucky Parole Board,* 917 S.W.2d 584, 587 (Ky. App.1996) (internal citation omitted). Parole is a privilege, and its denial has no constitutional implication. *Morris v. Wingo,* 428 S.W.2d 765 (Ky.1968) (internal citations omitted). There were no due process or *ex post facto* violations in Phillips' parole denial and requirement to register as a sex offender. The trial court applied well-settled statutory and case law in reaching its conclusion to deny Phillips' motion to dismiss.

■ In their briefs, both parties argue that the trial court improperly ordered

Phillips to pay court costs and a fine of $1000.00 and asks this Court to reverse the trial court's ruling in this regard. We agree that the trial court improperly ordered Phillips to pay court costs and a fine of $1000.00. In *Travis v. Commonwealth,* 327 S.W.3d 456, 459 (Ky.2010), the Kentucky Supreme Court held:

> The Appellants' first assignment of error is the trial court's imposition of court costs and fines. According to the Appellants, these fines were improper because the trial court had already recognized their indigent status pursuant to KRS Chapter 31.
>
> Subsection (4) of KRS 534.040 provides that "[f]ines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31." Nor may court costs be levied upon defendants found to be indigent. KRS 23A.205(2). At the time of trial, both Travis and Dawson were receiving the services of a public defender, and were granted the right to appeal in *forma pauperis.* They were clearly indigent. Thus, the trial court clearly erred in imposing a fine and court costs upon the Appellants. *See Simpson v. Commonwealth,* 889 S.W.2d 781, 784 (Ky.1994).
>
> Travis and Dawson concede that this error is not preserved for appellate review. "Nonetheless, since sentencing is jurisdictional it cannot be waived by failure to object." *Wellman v. Commonwealth,* 694 S.W.2d 696, 698 (Ky.1985). "Thus, sentencing issues may be raised for the first time on appeal and Appellant is proceeding properly before this Court." *Cummings v. Commonwealth,* 226 S.W.3d 62, 66 (Ky.2007). Fines and costs, being part of the punishment imposed by the court, are part of the sentence imposed in a criminal case. **Having the inherent jurisdiction to cure**

**such sentencing errors, this Court vacates the fines and court costs.**

(Emphasis added).

We agree that under *Travis,* no court costs or fines should have been imposed on Phillips as an indigent defendant. *See also Jones v. Commonwealth,* 382 S.W.3d 22 (Ky.2011) (sentencing issues like court costs and fines are not waived by failure to object at the trial court level). Therefore, we vacate the court costs and fines imposed by the trial court upon Phillips.

We affirm the Barren Circuit Court's April 27, 2010, order denying Phillips' motion to dismiss the charges pending against him for failure to register as a sex offender, and we vacate the trial court's imposition of court costs and a fine.

ALL CONCUR.