**Danny R. SNEDEKER, Appellant,**

**v.**

**John W. WINGO, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

Danny R. Snedeker, pro se.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Danny R. Snedeker, a prisoner in the Kentucky State Penitentiary, appeals from an order of the Lyon Circuit Court dismissing his petition seeking a writ of habeas corpus. Snedeker contends in this Court that his right to due process of law under the Fourteenth Amendment to the United States Constitution was violated when the State Parole Board declared him a parole violator without providing him an evidentiary hearing with counsel to represent him.

Snedeker was convicted in 1962 of voluntary manslaughter and sentenced to 21 years' imprisonment. During July 1967 he was released on parole by the parole board. Subsequently, while still on parole, he allegedly violated the terms and conditions of his parole and fled to California. Thereafter his parole was revoked and he was arrested in California and returned to the Kentucky State Penitentiary as a parole violator.

Appellant's contention that he was denied due process of law requires a determination as to whether a paroled prisoner, in custody of prison authorities, who has not served his sentence, possesses the constitutional right of due process under the facts presented. This question was answered recently by this Court in Wingo v. Lyons, Ky., 432 S.W.2d 821. We there held that a parolee, during the continuance of the parole, is in legal custody of the parole board (Department of Welfare), and therefore a proceeding before the parole board to determine whether his parole should be revoked is not such a critical part of criminal proceedings as to require an evidentiary hearing or the appointment of counsel to represent him. The fact that he was rearrested does not change that status and, furthermore, the fact that the prisoner has been rearrested and returned to prison does not cause him to be illegally detained in custody. Mahan v. Buchanan, 310 Ky. 832, 221 S.W.2d 945.

In Rose v. Haskins, 388 F.2d 91, the United States Court of Appeals, Sixth Circuit, held that a parolee was not entitled to a hearing prior to the revocation of parole for alleged violation of a condition thereof, unless the state in which he was paroled provides a hearing in such event.

The case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, relied upon by appellant, is not applicable because the court in that case was considering the question of revocation of probation rather than revocation of parole. That case points out the difference between pro-

bation and parole; that where probation is granted the trial court defers imposing the sentence and that, since the time of sentencing is a critical stage in a criminal case, it is necessary to have a hearing with the defendant's counsel present to ensure that the conviction and sentence are not based on misinformation or a misreading of court records. However, in the case of parole the sentence has been imposed and the case is ended; hence, the revocation of the parole is not a critical or even a part of the trial of the case.

We conclude that the trial court correctly refused to issue a writ of habeas corpus in the instant case.

The judgment is affirmed.

All concur.