Charles ROGERS, Appellant,

v.

William HURLEY, Director, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 20, 1972.

James C. Hudson, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellees.

STEINFELD, Chief Justice.

Appellant Charles Rogers was convicted of crime in 1956 and was ordered to serve a life sentence. After 12 years of confinement he was granted parole. On March 25, 1971, Rogers was charged with violating the terms of his parole and he was promptly returned to the penitentiary by the parole officers. On his request he was given a hearing on May 22, 1971, by the Kentucky Parole Board to determine the propriety of the parole revocation. At the hearing Rogers demanded that he be given an opportunity to confront those who accused him of violating the terms of his parole, that he be permitted to testify, to introduce witnesses and to have counsel represent him. All requests were denied.

Rogers, acting pro se, filed a "Petition for Writ of Mandamus" in the Franklin Circuit Court demanding that a writ be granted and that he be discharged from custody. The petition was not artfully drawn and we are unable to tell exactly what mandatory action he was seeking other than his release. On January 28, 1972, the circuit court adjudged that he was not entitled to any relief and dismissed the complaint. On this appeal we affirm.

On June 29, 1972, the Supreme Court of the United States rendered its decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. The parties before us concede that the facts in Rogers' case are almost identical with those in Morrissey. Certainly there is no material variance.

There it was adjudged that in proceedings to reconfine a parolee because of an alleged violation of the conditions of his parole the Fourteenth Amendment of the Constitution of the United States requires as minimum procedure the following:

"(a) written notice of the claimed violations of parole;

"(b) disclosure to the parolee of evidence against him;

"(c) opportunity to be heard in person and to present witnesses and documentary evidence;

"(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);

"(e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

"(f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole."

Rogers relies on Morrissey and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), to support his argument that this court should no longer follow the rules announced in such cases as Snedeker v. Wingo, Ky., 453 S.W.2d 552 (1970); Wingo v. Lyons, Ky., 432 S.W.2d 821 (1968); Balsley v. Commonwealth, Ky., 428 S.W.2d 614 (1967), and Mahan v. Buchanan, 310 Ky. 832, 221 S.W.2d 945 (1949). We consider Goldberg inapplicable and Morrissey of no help to Rogers because it stated that the principles therein declared were made " * * * applicable to future revocations of parole * * *."

Before Morrissey the rule in this state was that the parolee does not have a constitutional right to a hearing on a parole revocation process. See Snedeker v. Wingo, supra, and the other cases cited above.

KRS 439.430 specifies the procedure fashioned for the arrest and confinement of a parolee who is charged with having violated the terms of his parole. Rogers argues that our recent cases which considered that statute failed to recognize that it "* * * was substantially amended in 1956."[1] He does not point out the alleged omission; neither does he disclose in what way the present statute was violated in his reincarceration, and we find none.

The judgment is affirmed.

All concur.

---

1. KRS 439.430 was amended again in 1962 and 1966.