48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paul JOHNSON, Petitioner-Appellant,
v.
Walter CHAPLEAU, Warden, Respondent-Appellee.
 No. 94-5689.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and DE MASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Petitioner Paul Johnson seeks rehearing of this court's October 20, 1994, order vacating the district court's order and remanding the case for dismissal as moot. After careful consideration, the panel concludes that the petition for rehearing is well-taken and that Johnson's current parole status does not render his appeal moot. Accordingly, we vacate this court's order filed on October 20, 1994, and consider Johnson's appeal, referred to us under Rule 9(a), Rules of the Sixth Circuit. Upon review, we conclude that oral argument is not necessary in this case, Fed.R.App.P. 34(a), and affirm the district court's order on the merits for the reasons stated below.
 
 
 3
 Johnson, who was serving a life term pursuant to Kentucky convictions for murder, rape, and trafficking in marijuana, was released on parole in February 1986. His parole was revoked in July 1986 following a hearing when an administrative law judge (ALJ) and the Kentucky Parole Board found that Johnson had violated the terms of his parole by drinking alcoholic beverages and leaving Madison County without the permission of his parole officer. Johnson was sentenced to a 48-month parole deferment. Seeking a "full and fair" parole revocation hearing, Johnson filed a habeas corpus petition in which he raised five grounds for relief: (1) he received ineffective assistance of counsel during his preliminary parole revocation hearing, (2) his incompetency was a bar to the revocation proceedings, (3) he was denied an adequate written statement of the evidence relied upon for revoking his parole, (4) he was denied counsel at his final revocation hearing, and (5) the Kentucky Parole Board's failure to follow the regulations that were in effect at the time he was charged with his underlying offenses violated the Ex Post Facto Clause.
 
 
 4
 The district court denied Johnson's petition in a memorandum opinion and order entered on May 11, 1994, finding that Johnson had failed to establish either deficient performance by counsel or prejudice from counsel's alleged error, that the ALJ had specifically found that Johnson was competent to participate in his parole revocation proceedings, that the record as a whole provided evidence and reasons for the Parole Board's decision, and that there was no constitutional requirement that counsel be present at the final as well as the preliminary hearing. Johnson continues to argue the merits of his grounds for relief on appeal.
 
 
 5
 Upon review, we find Johnson's first four grounds for relief to be meritless for the reasons stated by the district court.
 
 
 6
 The district court did not address Johnson's ex post facto issue based upon the Parole Board's use of the regulations in effect at the time of his revocation hearing instead of the regulations in effect at the time he committed his offenses of conviction. Nonetheless, we conclude that remand of this issue is unnecessary because the record clearly establishes that Johnson is not entitled to relief.
 
 
 7
 In order to establish an ex post facto violation, Johnson must show that the regulation at issue works to his disadvantage and affects his substantial rights. See Kellogg v. Shoemaker, No. 93-4287, 1995 WL 4011, at * 5 (6th Cir. Jan. 9, 1995) (citing Miller v. Florida, 482 U.S. 423, 430-33 (1987)). The focus of consideration is the time the offense was committed. Id. Johnson is currently serving time as a result of his convictions for murder, committed in 1972, and trafficking in a controlled substance, committed in 1984.
 
 
 8
 Johnson argues that the regulation in effect at the time of his parole revocation hearing (1986) worked to his disadvantage because it did not automatically provide for counsel and a special hearing, but required a specific request which he did not make. In contrast, he asserts that, under the regulation in effect at the time of his 1974 conviction, the Parole Board had a duty to afford him a special hearing and representation by counsel. Johnson neglected to provide either a copy of the earlier regulation, a citation to it, or a direct quotation of its provisions. This is not surprising. We have obtained a copy of the Kentucky Parole Board regulations in effect from 1970 through 1974, designated as Department of Corrections regulation DC-Rg-6, effective July 1966. There was no provision at all for a parole revocation hearing, let alone one requiring representation by counsel. Indeed, before the Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471 (1972), the rule in Kentucky was that the parolee did not have a constitutional right to a hearing on a parole revocation process. Rogers v. Hurley, 486 S.W.2d 696, 697 (Ky.1972).
 
 
 9
 The regulations in effect at the time of Johnson's parole revocation hearing were those effective as of December 1980. The regulation governing parole revocation hearings provided for a special hearing if the defendant's proof was extensive or if he wished to be represented by counsel. See 501 Ky.Admin.Regs. 1:020(1)(2) (1986).
 
 
 10
 Because there was no applicable regulation promulgated in 1972 when Johnson committed his offense of murder and the regulation in effect at the time of Johnson's parole revocation hearing was the same one in effect at the time he committed his drug trafficking offense, the Parole Board did not err in following that regulation in conducting Johnson's parole revocation proceeding. In reaching this conclusion, we note that application of the regulations in effect in 1986 provided Johnson with defined rights, including the right to be represented by counsel, that he would not otherwise have had. Thus, use of the regulation in effect in 1986 did not violate the Ex Post Facto Clause of the Constitution.
 
 
 11
 Accordingly, the petition to rehear is granted and this court's order, filed on October 20, 1994, is vacated. The district court's order, entered on May 11, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. De Mascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation