Christopher Michael SIMPSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–SC–116–MR.

Supreme Court of Kentucky.

Dec. 22, 1994.

Franklin P. Jewell, Louisville, for appellant.

Chris Gorman, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

SPAIN, Justice.

A jury in the Grant Circuit Court convicted the appellant of Kidnapping, Rape in the First Degree, Sodomy in the First Degree, Wanton Endangerment in the First Degree, and Theft by Unlawful Taking of Property Valued at $300 or more. He was sentenced to twenty years' imprisonment and a fine of $10,000 on both the rape and sodomy convic-

tions, ten years and a fine of $1,000 for the kidnapping conviction, five years and a $1,000 fine on the wanton endangerment conviction, and one year and a fine of $1,000 for the theft by unlawful taking conviction. These five sentences are all to run concurrently for a total of twenty years in prison and an aggregate fine of $10,000 from which the appellant now appeals as a matter of right.

A woman, C.I., testified that the appellant raped her in his car after driving her to an isolated field in Grant County on the night of July 2, 1993. The victim was driving home early in the morning when a vehicle pulled up behind her and bumped her car three times at a high rate of speed. After both cars pulled to the side of the road, she wrote down the license plate number of the white Monte Carlo. The driver, later identified by the victim as the appellant, demanded that C.I. give him the paper with the license number. When she refused, he apparently pulled C.I. out of her car, and shoved her into the white Monte Carlo, while threatening to kill her if she didn't stop screaming.

Appellant drove the victim approximately 1.7 miles to a secluded field. Once there, the victim testified that appellant ordered her to take off her clothes. He forced her to perform oral sex on him and then engaged in forcible anal and vaginal intercourse upon her. Appellant admits that they had vaginal intercourse but he maintains that it was a consensual act and that there was no anal penetration. Appellant threatened the victim, "You tell the police and you're dead." He took two gold necklaces and $20 from her before he let her out of the car. The ordeal lasted about half an hour.

When the victim returned home, she told her daughter that she had been raped, but refused to call the police, saying that she feared appellant would kill her. C.I.'s daughter contacted the police. When an officer arrived, he observed the victim to be crying, very upset, and frightened. C.I. told him what happened, described the appellant, his car, and several items inside the car. A rape kit examination was performed which confirmed that oral, anal, and vaginal intercourse had occurred. The victim had bruises on her body and was bleeding from her rectum. A later D.N.A. analysis matched semen found on the victim's underwear to that of the appellant.

Several hours later, a patrolman observed the appellant in his car at a Covington gas station and arrested him. Two gold chains and other objects which the victim had described were found in the white Monte Carlo. Blue paint samples obtained from the front of appellant's car matched the paint type of the victim's blue car. The appellant told several versions of the events, though he maintained that the sexual intercourse was consensual.

At the trial, upon hearing all the evidence, the jury found him guilty of the above-mentioned offenses. During the penalty phase, the court instructed the jury on the sentencing range of imprisonment and fines. The language in the instructions utilized the conjunction "and," thus requiring the jury to set a prison sentence and a fine of between $1,000 and $10,000 for each of the felonies. As stated above, appellant received a concurrently running sentence of twenty years and a $10,000 fine.

■ Appellant first contends that he was entitled to dismissal of the kidnapping charge, pursuant to KRS 509.050. That statute exempts a person from being convicted of kidnapping when his criminal purpose of such kidnapping is for the commission of another offense outside of K.R.S. Chapter 509. This exemption applies only when such "interference with the victim's liberty occurs immediately with and incidental to the offense"; also, the exemption is inapplicable where the liberty interference exceeds that which is "ordinarily incident to commission" of the other offense, which in this case was the rape and sodomy. Appellant claims that the kidnapping and transporting of the victim was necessary for committing the rape and sodomy.

The trial court properly denied appellant's motion for a directed verdict. The interference with the victim's liberty exceeded that which would ordinarily be incidental to the commission of rape and sodomy upon her. The trial judge contemplated that K.R.S. 509.050 might have been applicable if the

appellant had raped and sodomized the victim at the scene where she stopped her car and he grabbed her. However, the facts of the present case indicate that the appellant grabbed the victim from her car, drove approximately 1.7 miles to an isolated location and then raped her. She was restrained for approximately thirty minutes. The transportation of the victim for such a distance and holding her for an extended period of time clearly exceeded the restraint which is normally incident to the commission of rape. *Griffin v. Commonwealth*, Ky., 576 S.W.2d 514 (1978), presented a similar factual scenario: a male victim was forcibly pulled from his car by three men and driven one-half block to a house where he was sodomized for one and a half hours. This Court found that the KRS 509.050 exemption would not apply since the kidnapping exceeded that which would ordinarily be required in the commission of the sodomy offense.

The case cited by appellant in support of his position, *Spencer v. Commonwealth*, Ky., 554 S.W.2d 355 (1977), can be distinguished. In that case, the 509.050 exemption applied when the defendant raped the victim in the victim's car after driving it to a darker area of the parking lot. In the case at bar, Simpson transported the victim much farther than was done in *Spencer* or *Griffin*. Such a distance was greater than was ordinarily necessary for commission of a rape. Consequently, the trial court correctly found that KRS 509.050 was inapplicable and did not commit error by denying appellant's motion for a directed verdict on the kidnapping charge.

■ Appellant also argues that the trial court committed error by allowing the victim to testify regarding the lasting emotional effects of the rape. Appellant contends that allowing the victim to testify that she had recurring nightmares and of being scared of other cars' headlights while driving at night had very little probative value and was used mainly for prejudicial effect. Considering the nature of the events, this evidence of nightmares and fear was highly probative evidence. It supported the Commonwealth's contention that a rape and kidnapping occurred, rather than being consensual intercourse as the appellant claimed. Under KRE 403, the probative value of such relevant evidence must be "substantially outweighed" by the prejudicial effect to require exclusion. Evidence of the rape's continuing effect upon the victim was highly probative but did not rise to the level of prejudicial impact to require such exclusion. Rulings upon admissibility of evidence are within the discretion of the trial judge; such rulings should not be reversed on appeal in the absence of a clear abuse of discretion. Allowing the victim's testimony was not an abuse of discretion and did not constitute error.

We have considered the appellant's argument concerning his contention that a directed verdict of acquittal on the wanton endangerment was required. The argument is without merit. Accordingly, we find no error on the part of the trial court in denying the appellant's motion for a directed verdict on this charge.

■ Finally, the appellant contends that the trial court committed error by allowing the jury to sentence the appellant both to imprisonment and to a monetary fine. We agree with the appellant's position. The Commonwealth's preliminary assertion that this issue was unpreserved is improper. The appellant's objection did come after the instructions to the jury; however, the objection was made prior to the counsel's closing arguments. Though such objection was not contemporaneous with the error, it was preserved for review since it occurred at least prior to the appellant's motion for new trial. *See Hartsock v. Commonwealth*, Ky., 382 S.W.2d 861 (1964).

■ The statutes at issue are KRS 532.030(3) and KRS 534.030(1). The latter statute is more specific and more recently enacted, thus it is controlling. KRS 534.030(1) mandates that a monetary fine between $1,000 and $10,000 be imposed for any person convicted of a felony, "in addition to any other punishment imposed upon him"; i.e., imprisonment. This occurred in the present case. However, the trial judge allowed instructions for each offense to be submitted to the jury, thereby instructing it

to impose both imprisonment and a monetary fine as a result of finding the appellant guilty. KRS 534.030(2) requires that "the court shall consider" certain factors to determine the amount of any fine imposed. Thus, imposition of fines pursuant to KRS 504.030 is to be initiated by the court; therefore, delegating this duty to the jury was improper.

■ Pursuant to the statute[1], the judge must independently determine the appropriateness of any fine, and if so, the appropriate amount and method of payment thereof. In so doing, the judge must also consider whether the appellant is indigent. In this connection, we observe that at sentencing in this case, the appellant was represented by an assistant public advocate. Thus, we may assume that the trial judge had already determined that the appellant was indigent. For this reason, imposition of any fine was inappropriate, and accordingly, we vacate such portions of the sentence as pertain thereto.

Without considering the question as to the indigence of the appellant, the calculation of the amount of the fines was correct. The amount of fine for each of the five felonies from a single event was aggregated to a total of $10,000, the maximum allowed under the statute.

For the reasons set out above, the judgment and sentence of the Grant Circuit Court are affirmed, except for the portion thereof imposing a fine or fines, which is vacated.

All concur.

---

**1.** The constitutionality of KRS 534.030(1) was not raised as an issue in this case, and accordingly, we make no decision thereon.