Jermaine BUTLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–001578–MR.

Court of Appeals of Kentucky.

May 18, 2012.

Molly Mattingly, Samuel N. Potter, Assistant Public Advocates, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, John Paul Varo, Assistant Attorney General, Frankfort, KY, for appellee.

Before CLAYTON, DIXON, and LAMBERT, Judges.

## OPINION

CLAYTON, Judge:

Jermaine Butler appeals from the July 22, 2010, judgment of conviction and sentence of the Jefferson Circuit Court which found him guilty of one count of trafficking in a controlled substance and sentenced him to seven and one-half years of incarceration. Appellant challenges the introduction of certain evidence at trial, a jury admonition, and the trial court's imposition of conditional court costs and fees. We affirm in part, vacate in part, and remand.

On December 10, 2008, Louisville Metro Police Department Detectives Brett Hankinson and Vic Szydloski were situated in the parking lot of an apartment complex when they observed a Nissan Altima pull into the parking lot. Three male passengers exited the vehicle, entered a second floor apartment, and shortly thereafter returned to the vehicle and left. The detectives followed the vehicle and initiated a traffic stop after observing that the driver was not wearing a seatbelt and had failed to use his turn signal.

Detective Hankinson testified that he approached the vehicle on the passenger side and observed the back-seat passenger, Thomas Jones, quickly conceal something in the pocket of his overalls. He asked Jones to exit the vehicle and then asked him if he had anything illegal, to which Jones replied "yes." After inquiring whether it was crack cocaine, to which Jones again answered "yes," Detective Hankinson asked Jones to give him what he had concealed. Jones then gave Detective Hankinson a bag containing twenty individually wrapped bags of crack cocaine.

Detective Hankinson then turned his attention to Appellant, who had been riding in the front passenger seat, and had exited the vehicle at the request of Detective Hankinson. Detective Hankinson asked Appellant if he had anything illegal on him, to which Appellant responded "yes." Detective Hankinson next asked Appellant to hand over what he had, and Appellant then handed the detective two large bags containing a total of thirty-one individually wrapped bags of crack cocaine. Appellant was then cited and given a court date.

On April 8, 2009, Appellant was indicted for trafficking in a controlled substance in the first degree. A trial was held from June 8, 2009, through June 10, 2009. Prior to the start of trial, Appellant moved for the suppression of his interaction with Detective Hankinson and the evidence discovered as a result thereof. In support of this motion, Appellant argued that he had been subjected to a custodial interrogation without having first been given mandatory warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The motion was denied.

Also prior to the start of trial, Appellant challenged the use of any testimony categorizing the apartment complex, which Detectives Hankinson and Szydloski were initially observing, as a high narcotics and crime area. Although the trial court noted a concern that such testimony may be prejudicial, it reserved judgment on the issue until it arose at trial. The next day, the Appellant again raised the issue and the trial court adjudged the testimony to be inadmissible as overly prejudicial.

During trial, Detective Szydlowski began to testify that the area in which he and Detective Hankinson were located was known to be a high narcotics area. Appellant immediately moved for a mistrial, arguing that the testimony was prejudicial. After a brief recess, the trial court denied Appellant's motion for a mistrial, noting that it was exercising its discretion in so doing. At the request of the defense counsel the judge issued an admonition to the

jury regarding the contested testimony. The jury was instructed to avoid drawing inferences from the testimony or using it to infer guilt upon the Appellant.

The jury found Appellant guilty of trafficking in a controlled substance in the first degree and assigned a sentence of seven and one-half years incarceration. The trial court's judgment of conviction and sentence was entered on July 22, 2010, in which the trial court sentenced Appellant in accordance with the jury's recommendation. The trial court further ordered that, should Appellant be released from custody for any reason, that he be required to pay court costs in the amount of $130 and a felony conviction fee of $1,000. This appeal followed.

■ Appellant's first argument to this Court is that the trial court erred when it failed to suppress the evidence of his interactions with Detective Hankinson, including the crack cocaine which was discovered. Appellant reiterates his argument that he was subjected to a custodial interrogation without having first been given his *Miranda* warnings. When reviewing a trial court's disposition of a suppression motion, we review factual findings for clear error and conclusions of law *de novo*. *Jackson v. Commonwealth,* 187 S.W.3d 300 (Ky.2006).

■ A custodial interrogation has been defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612 (Footnote omitted). Prior to subjecting a suspect to custodial interrogation, police officers are required to advise the suspect of his or her rights against self-incrimination and representation by an attorney. *Id.* at 440, 86 S.Ct. 1602. "An officer with probable cause to believe that a traffic violation has occurred may stop the suspected vehicle." *Greene*

*v. Commonwealth,* 244 S.W.3d 128, 133 (Ky.App.2008) (Citations omitted). In general, ordinary traffic stops do not invoke the requirements of *Miranda. Id.* at 135. Furthermore, police officers are authorized to order passengers to exit a vehicle while a minor traffic stop is completed. *Owens v. Commonwealth,* 291 S.W.3d 704, 708 (Ky.2009) (Footnote omitted). Such authorization is justified, in part, as an attempt at minimizing the risk of assault an officer may face by a person seated in an automobile. *See, e.g., Pennsylvania v. Mimms,* 434 U.S. 106, 111, n. 6, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977).

Appellant does not challenge the validity of the initial traffic stop. Instead, he argues that the stop in question was not an ordinary traffic stop, but instead developed into a custodial interrogation. Appellant maintains that this argument is evinced by several factors: Appellant was within sight of his home but was not free to leave; and it was unclear whether Appellant was removed from the vehicle by Detective Hankinson, as opposed to exiting the vehicle on his own accord. Detective Hankinson testified at trial that Appellant was not free to leave.

■ Although an officer may detain a vehicle and its occupants in order to conduct an ordinary traffic stop, "any subsequent detention ... must not be excessively intrusive in that the officer's actions must be reasonably related in scope to circumstances justifying the initial interference." *U.S. v. Davis,* 430 F.3d 345, 353 (6th Cir.2005) (Citation omitted). Thus, an officer cannot detain a vehicle's occupants beyond completion of the purpose of the initial traffic stop "unless something happened during the stop to cause the officer to have a 'reasonable and articulable suspicion that criminal activity [is] afoot.'" *Id.* (Citation omitted). Furthermore, a traffic stop can invoke the requirements of *Mi-*

*randa* when it is found that a suspect's "freedom of action is curtailed to a 'degree associated with formal arrest.'" *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984) (Citation omitted).

In the present situation, Detective Hankinson was permitted to order Jones and Appellant to exit the vehicle pursuant to *Owens v. Commonwealth*, 291 S.W.3d at 704. The testimony of Detective Hankinson clearly indicates that Appellant let himself out of the vehicle at the request of Detective Hankison, and not that he was physically removed from the vehicle, as Appellant's brief indicates. This testimony is not contradicted by any other evidence at trial.

Detective Hankison testified that at the time he questioned Appellant, Detective Szydlowski was still speaking with the driver. Therefore, it does not appear that the purpose of the initial traffic stop, to investigate a failure to use a turn signal and failure to wear a seat belt, had been completed. Detective Hankinson also testified that as he approached the vehicle, he witnessed Jones quickly conceal something in his clothing. He disclosed that he was unaware of whether Jones had possibly concealed narcotics or a weapon, and that the act therefore caused concern and fear for his safety. Detective Hankison's testimony is sufficient to satisfy the "reasonable and articulable suspicion" requirement of *Davis* which would give rise to his inquiry of the passengers as to whether they were concealing something illegal.

Lastly, Detective Hankinson's testimony that Appellant was not free to leave is not dispositive of the issue. "The test is whether, considering the surrounding circumstances, a reasonable person would have believed he or she was free to leave." *Smith v. Commonwealth*, 312 S.W.3d 353, 358 (Ky.2010), *reh'g denied*,

June 17, 2010. (Footnote and citation omitted). There was nothing to indicate to Appellant that he was being arrested; he was not detained in a patrol car, was not handcuffed, was not touched or physically searched by Detective Hankinson, was not threatened with arrest while being questioned, and Detective Hankinson's weapon was never displayed. *Berkemer*, 468 U.S. 420, 104 S.Ct. 3138; *See also Smith*, 312 S.W.3d at 358–59. In fact, Appellant answered Detective Hankinson's question without objection and without coercion from Detective Hankinson himself. *See Smith*, 312 S.W.3d at 359. Even after relinquishing the crack cocaine to Officer Hankinson, Appellant was not arrested, but was instead simply given a citation with a court date. Accordingly, we hold that the trial court did not err when it found that Detective Hankinson's questioning of Appellant did not constitute a custodial interrogation which would summon the mandates of *Miranda*.

Appellant's second argument to this Court is that the trial court erred by not granting a mistrial. We will not disturb a trial court's ruling on a motion for mistrial absent an abuse of discretion. *Woodard v. Commonwealth*, 147 S.W.3d 63, 68 (Ky.2004). "A mistrial is appropriate only where the record reveals a 'manifest necessity for such an action or an urgent or real necessity.'" *Clay v. Commonwealth*, 867 S.W.2d 200, 204 (Ky.App. 1993) (quoting *Skaggs v. Commonwealth*, 694 S.W.2d 672 (Ky.1985)). "The incident which gave rise to a party's motion for a mistrial 'must be of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in no other way.'" *Woodard*, 147 S.W.3d at 68 (quoting *Gould v. Charlton Co., Inc.*, 929 S.W.2d 734, 738 (Ky.1996)).

In the case before us, the trial court did not grant a mistrial, but instead administered an admonition to the jury regarding that evidence. That admonition was as follows:

> [l]adies and gentlemen of the jury, before we recessed at that time there was some testimony in which there was a characterization made of the location and the area in which [Appellant] was arrested. I am going to admonish you all and order it that at this time you all do not make any inferences from that, or do not use that characterization to infer any guilt upon [Appellant].

VR 06/09/10 at 11:19:53–20:22

■ There is an established presumption, absent evidence to the contrary, that an admonition to the jury removes any potential prejudice created by the evidence which merited the admonition. *Clay*, 867 S.W.2d at 204. This presumption can be overcome when movant can show either: 1) there is an overwhelming probability that the jury is incapable of following the admonition and a strong likelihood exists that the challenged evidence would be devastating to the defendant; or 2) when the question was not premised on fact and was inflammatory or highly prejudicial. *Major v. Commonwealth*, 275 S.W.3d 706, 716 (Ky.2009). Appellant maintains that the testimony was properly excluded under Kentucky Rules of Evidence (KRE) 403 as unduly prejudicial and that the admonition to the jury was an insufficient remedy, particularly because no factual basis for the testimony existed in the record.

■ KRE 403 allows for the exclusion of evidence that may be unduly prejudicial. Evidence that "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the es-

tablished propositions in the case" is unfairly prejudicial.

*Thorpe v. Commonwealth*, 295 S.W.3d 458, 462 (Ky.App.2009) (Quotation omitted). Appellant argues that he was prejudiced, because the disputed evidence corroborates the charge of trafficking, as opposed to the defense put forth by Appellant that he was merely in possession, a charge which carries a lesser sentence. We do not agree. Direct evidence, in the form of thirty-one individual wrapped bags of crack cocaine assisted the Commonwealth in its charge of trafficking narcotics. Given the weight of this evidence, Appellant has failed to show that the jury based its decision on something other than the established evidence and that the admonition was unsuccessful in removing any potential prejudice created by the contested testimony. Accordingly, we find no error with the trial court's refusal to grant a mistrial.

■ Appellant's final argument on appeal is that the trial court erred when it ordered him, an indigent defendant, to pay court costs and a felony fee. Although this argument was not preserved for appellate review, court costs and fines are imposed as part of the sentence, and as such cannot be waived by failure to object. *Wellman v. Commonwealth*, 694 S.W.2d 696, 698 (Ky.1985).

The law provides that court costs and fines shall not be imposed upon defendants found to be indigent. Kentucky Revised Statutes (KRS) 534.040(4), KRS 23A.205(2). During trial, Appellant was represented by private counsel. On July 22, 2010, the trial court's judgment of conviction and sentence was entered. That order provided that defendant shall pay court costs in the amount of $130 and a felony conviction fee in the amount of $1,000, if he is released from custody. Also entered on July 22, 2010, was an order appointing counsel and permitting

Appellant to proceed *in forma pauperis* on appeal.

This Court and the Kentucky Supreme Court have previously reversed trial court's impositions of court costs and fees on parties found to be indigent. *See Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky.2010), *Simpson v. Commonwealth*, 889 S.W.2d 781, 784 (Ky.1994). However, the Kentucky Supreme Court has recently concluded "that [a] trial court [is] authorized ... to impose court costs [on a defendant] despite [his] status as an indigent defendant entitled to the services of a public defender." *Maynes v. Com.*, 361 S.W.3d 922, 929 (Ky.2012). In so holding, the Court distinguished between a "needy" person's inability to pay for legal representation and a "poor" person's inability to pay court costs and fees. *Id.* The Court concluded that Maynes, who was ordered to pay $130 in court costs within six months after the entry of a diverted incarceration sentence, "could reasonably be expected in the near future to acquire the means to pay the relatively modest court costs of $130." *Id.* at 930.

 We find the factual scenario in *Maynes* to be distinguishable from those presently before us. The Court in *Maynes* held that the restoration of the defendant's freedom, and consequently his ability to work, justified the imposition of court costs. *Id.* at 932–33. The Court clarified that "[w]ithout some reasonable basis for believing that the defendant can or will soon be able to pay, the imposition of court costs is indeed improper." *Id.* at 930. In the case before us, Appellant is facing a seven and one-half year sentence during which he will not be able to work. Furthermore, unlike the six month pay period granted to the defendant in *Maynes*, Appellant is ordered to pay the imposed costs and fees immediately upon release from custody. Lastly, Appellant is being faced with a total cost in the amount

of $1,130, a considerably greater amount than the $130 imposed upon Maynes. Given these circumstance, we do not believe there is a reasonable basis to believe that Appellant will soon be able to pay the costs. Accordingly, that portion of the order is vacated and remanded.

For the forgoing reasons, the July 22, 2010, judgment of conviction and sentence of the Jefferson Circuit Court is affirmed except for the portion which imposes costs and fees, which is vacated and remanded with instructions to enter an order in conformity with this opinion.

ALL CONCUR.