# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.


# Supreme Court of Kentucky

## 2019-SC-000165-MR

SAMUEL HUNTER                                     APPELLANT

|   |   |
|---|---|
| V. | ON APPEAL FROM MCCRACKEN CIRCUIT COURT<br>HONORABLE TIMOTHY JON KALTENBACH, JUDGE<br>NO. 16-CR-00411 |

COMMONWEALTH OF KENTUCKY                        APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Samuel D. Hunter was convicted by a McCracken County jury of rape in the first degree, victim under twelve years of age,[1] and sentenced to life imprisonment. He appeals to this Court as a matter of right, Ky. Const. § 110(2)(b). Hunter raises five allegations of error on appeal, asserting 1) the trial court should have granted his motion for a directed verdict, 2) two of the Commonwealth's witnesses improperly bolstered the victim's testimony, 3) prosecutorial misconduct denied him a fair trial, 4) the trial court improperly

---

[1] Kentucky Revised Statutes (KRS) 510.040, a Class A felony.

denied him the ability to present an alternate perpetrator defense, and 5) cumulative error. Following a careful review, we affirm.

In 2016, seven-year-old Stacy[2] lived with her father, stepmother, and grandmother. After school on Friday, May 27, 2016, Stacy went to stay with her biological mother for the weekend. Hunter lived in the same trailer as Stacy's biological mother and the mother's live-in boyfriend. Stacy came home early from the visit on Saturday. Stacy subsequently began complaining of itching and burning with urination. Her step-mother examined her and noticed Stacy's underwear was caked with mucus. Her step-mother collected the underwear, placed them in a zippered plastic bag, and stored them in the refrigerator.

On Thursday, June 2, 2016, Stacy went to the Pediatric Group of Paducah for an office visit where vaginal discharge and a rash were observed, and her mucus-caked underwear was presented for medical professionals to see. Lab testing was ordered, and on June 6, 2016, Stacy was diagnosed with gonorrhea. After Stacy told her pediatrician, Dr. Elizabeth McGregor, someone had touched her private area and identified the perpetrator as Hunter, the doctor contacted social services who in turn sought police intervention. Topical creams were applied, and an injection of antibiotics was administered to treat Stacy's infection.

---

[2] Stacy is a pseudonym used in place of the victim's actual name to protect her privacy.

McCracken County Sheriff's Detective Sarah Martin spoke with Stacy, her father, and stepmother on June 6, 2016. Two days later, Stacy underwent a forensic interview at the Purchase Area Sexual Assault and Child Advocacy Center ("PASAC"). Stacy informed the interviewer what happened, where it happened, and who hurt her, claiming Hunter had hurt her "pee spot." Stacy was interviewed a second time at PASAC a couple of months later and provided the same information to the interviewer, including the name of her abuser as being Hunter. Testing on Stacy's underwear revealed the presence of DNA from a source other than Stacy, but an insufficient quantity existed to make any match. Presumptive human blood and saliva were also found during testing but again, no match could be made.

Detective Martin interviewed numerous individuals during her investigation. When questioned, Hunter denied any sexual contact with Stacy but admitted he saw the girl on the night the rape occurred. He speculated a former girlfriend was trying to frame him. Hunter consented to undergo a rape test kit. He subsequently tested positive for gonorrhea. Hunter was arrested and indicted for raping Stacy.

A three-day jury trial was convened on December 18, 2018. Evidence presented included the facts previously stated, albeit in significantly greater detail. Additional, conflicting evidence was likewise adduced. Pertinent to this appeal, Stacy's pediatrician and the forensic interviewer were permitted to testify Stacy spoke to them about the assault and provided them the name of the assailant; the trial court did not permit either witness to specify the

3

individual Stacy identified. Hunter presented an alternative perpetrator defense, asserting a friend of the step-mother or a co-worker of the father had committed the rape; he was prohibited from introducing copies of the uniform citation of a charge against one of the men or certified copies of the criminal conviction of either man. Hunter's motions for directed verdict, wherein he asserted the Commonwealth had presented insufficient evidence of penetration, were denied. The jury returned a guilty verdict and recommended a sentence of life imprisonment. This appeal followed.

Hunter asserts five errors exist warranting reversal of his conviction and sentence. He first contends the trial court should have granted his motion for a directed verdict. Next, Hunter asserts Dr. McGregor and the PASAC interviewer were improperly permitted to bolster Stacy's testimony. Third, Hunter argues the prosecutor repeatedly made improper comments and engaged in a pattern of misconduct sufficient to deny him a fair trial. Fourth, he contends the trial court's refusal to permit him to introduce certain documents related to alternate perpetrators improperly denied him the ability to present a complete defense. Finally, Hunter presents a cumulative error claim. Conceding his second and third arguments are unpreserved for appellate review, Hunter requests palpable error review under RCr[3] 10.26. A palpable error occurs if a defendant's substantial rights were affected and a manifest injustice occurred. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky.

---

[3] Kentucky Rules of Criminal Procedure.

2006). Only if an error is "shocking or jurisprudentially intolerable," *id.* at 4, will it be deemed palpable. Justice Cunningham, in his concurring opinion in *Alford v. Commonwealth*, 338 S.W.3d 240, 251 (Ky. 2011), once described the threshold for palpable error: "It should be so egregious that it jumps off the page . . . and cries out for relief."

For his first allegation of error, Hunter contends the trial court improperly denied his motions for a directed verdict of acquittal because the prosecution's timeline does not fit with the incubation period of gonorrhea. However, as noted by the Commonwealth, this argument was not presented to the trial court for consideration. Rather, Hunter's motions for directed verdict below challenged only the sufficiency of the Commonwealth's proof regarding penetration. Although testimony was elicited during trial regarding the incubation period of gonorrhea being two to seven days, absolutely no mention of such timeline was made during any of the three times Hunter made and renewed his motions for directed verdict.

It is axiomatic "[o]ur jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court." *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017) (citing *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012) (citing *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976)). "It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court." *Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990) (citation omitted). Contrary to Hunter's assertion, his argument is not

5

the type of "more focused and specific version" of an argument permitted in *Buster v. Commonwealth*, 364 S.W.3d 157, 162 (Ky. 2012), it is a completely new and separate theory of error. Acknowledging the probability the error is, in fact, unpreserved for appellate review, in his reply brief Hunter requested palpable error review. The record clearly reveals this is the only review available to Hunter on this issue.

In ruling on a motion for directed verdict, the trial court takes as true all evidence favoring the Commonwealth and all reasonable inferences which can be drawn from such evidence. It is not at liberty to determine the weight or credibility to be given to the evidence, that function being reserved for the jury. *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). On review of a trial court's decision, we are tasked with determining whether, "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Lamb v. Commonwealth*, 510 S.W.3d 316, 325 (Ky. 2017). Convictions must be based on more than a mere "scintilla of evidence," *Benham*, 816 S.W.2d at 187-88, as "there must be evidence of substance." *Commonwealth v. Sawhill*, 660 S.W.2d 3, 5 (Ky. 1983).

The trial court utilized the appropriate standard in ruling on Hunter's motions for directed verdict and analyzed the evidence in the light most favorable to the Commonwealth. Hunter and Stacy were present in the same mobile home on the weekend of May 27, 2016; Stacy's mother's live-in boyfriend testified he was awakened on the night of May 27 by a child's scream

6

and her mother told him the next day someone had "touched" Stacy; Stacy and Hunter both tested positive for gonorrhea, a disease which testimony revealed can only be transmitted by secretions during sexual contact; and Stacy named Hunter as her assailant who "hurt her pee spot." Based on these facts alone, a reasonable juror could conclude Hunter was guilty of the rape. Clearly, other evidence was introduced indicative of guilt and other evidence regarding Hunter's innocence. However, substantial evidence of guilt existed and we cannot say such a finding would have been clearly unreasonable. Thus, we discern no error in the trial court's ruling. There being no error, clearly there can be no palpable error.

Next, Hunter requests palpable error review of what he contends was improper bolstering of Stacy's testimony by Dr. McGregor and the PASAC interviewer. He argues each of these witnesses was permitted to give hearsay testimony by recounting details of their interviews with Stacy. In support of his position, Hunter relies on *Alford* and *Hoff v. Commonwealth*, 394 S.W.3d 368, 379 (Ky. 2011), cases in which this Court found palpable error in sexual abuse cases where witnesses were permitted to recount the victim's version of events and identity of the abuser. Again, as noted by the Commonwealth, these elements were not present in the instant case.

Stacy testified Hunter was her rapist. That identification was later called into question and the jury was aware Hunter was presenting an alternative perpetrator defense. Subsequently, Dr. McGregor and the PASAC interviewer testified Stacy told them who her attacker was. Neither was permitted or

7

attempted to name Hunter as the assailant Stacy identified. In *Edmonds v. Commonwealth*, 433 S.W.3d 309 (Ky. 2014), this Court concluded permitting medical professionals to testify to a hearsay statement naming a defendant as a perpetrator is highly prejudicial and inappropriate. However, we went on to hold repetition of statements which do not directly identify the defendant as having committed the charged offense are not improper, specifically referring to the rule laid down in *Alford*.

"Rulings upon admissibility of evidence are within the discretion of the trial judge; such rulings should not be reversed on appeal in the absence of a clear abuse of discretion." *Simpson v. Commonwealth*, 889 S.W.2d 781, 783 (Ky. 1994). The complained of testimony was properly admitted under *Edmonds*. The mere fact the jury could infer Stacy named Hunter as her rapist is insufficient to require reversal. No manifest injustice occurred and therefore, there was no palpable error in permitting the testimony.

Third, Hunter contends the prosecutor engaged in several instances of misconduct in questioning Dr. McGregor and the PASAC interviewer and in making comments on the evidence in closing statements, resulting in the denial of a fair trial. As with his previous assertion, this allegation of error is unpreserved and Hunter requests palpable error review.

> Prosecutorial misconduct is "a prosecutor's improper or illegal act involving an attempt to persuade the jury to wrongly convict a defendant or assess an unjustified punishment." *Noakes v. Commonwealth*, 354 S.W.3d 116, 121 (Ky. 2011) (alterations omitted) (quoting *Black's Law Dictionary* (9th ed. 2009)). It can take a variety of forms, including improper questioning and improper closing argument. *Duncan v. Commonwealth*, 322 S.W.3d 81, 87 (Ky. 2010).

*Dickerson v. Commonwealth*, 485 S.W.3d 310, 329 (Ky. 2016). Where, as here, no contemporaneous objection is lodged concerning the alleged improper acts, we will reverse only if the alleged prosecutorial conduct is "flagrant" and renders the trial fundamentally unfair. *Id.* Flagrant misconduct is judged utilizing a four-factor test:

> "(1) whether the remarks tended to mislead the jury or to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused." *Mayo* [*v. Commonwealth*, 322 S.W.3d 41, 56 (Ky. 2010)] (quoting *Hannah v. Commonwealth*, 306 S.W.3d 509, 518 (Ky. 2010)). In the end, our review must center on the essential fairness of the trial as a whole, with reversal being justified only if the prosecutor's misconduct was "so improper, prejudicial, and egregious as to have undermined the overall fairness of the proceedings." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (citing *Soto v. Commonwealth*, 139 S.W.3d 827, 873 (Ky. 2004)); *see also Slaughter v. Commonwealth*, 744 S.W.2d 407, 411-12 (Ky. 1987) ("The required analysis . . . must focus on the overall fairness of the trial, and not the culpability of the prosecutor.") (citing *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)).

*Id.*

Hunter asserts the prosecutor improperly questioned Dr. McGregor and the PASAC interviewer regarding Stacy telling them the name of her rapist and tied their answers back to Stacy in summation by repeating her testimony she "told the doctor everything." He further challenges the prosecutor's attempt to tie the saliva found in Stacy's underwear to Hunter by positing spit could be used as a lubricant to aid in penetrating a young girl's vagina. Finally, he asserts it was improper to comment on the incubation period of gonorrhea to

tie him to the assault based on his contention the timeline for symptoms arising conclusively excludes him from being the perpetrator. Hunter contends the prosecutor's improper comments were excessive, deliberately placed before the jury to prejudice him, and the evidence of his guilt was not overwhelming. Thus, he urges reversal. We disagree.

"Issues involving the admission of evidence or testimony, when ruled upon by the trial court, do not constitute prosecutorial misconduct." *Stopher v. Commonwealth*, 57 S.W.3d 787, 806 (Ky. 2001). "Unpreserved claims of error cannot be resuscitated by labeling them cumulatively as 'prosecutorial misconduct.'" *Noakes*, 354 S.W.3d at 122 (quoting *Young v. Commonwealth*, 50 S.W.3d 148, 172 (Ky. 2001)) (bracket omitted). Fundamentally, that is the gist of Hunter's allegations.

The first and third assertions are "nothing more than alleged evidentiary errors," *id.*, do not constitute prosecutorial misconduct, and no further review is required. As to the second assertion, "opening and closing arguments are not evidence and prosecutors have a wide latitude during both. 'A prosecutor may comment on tactics, may comment on evidence, and may comment as to the falsity of the defense position.'" *Stopher*, 57 S.W.3d at 805-06 (quoting *Slaughter*, 744 S.W.2d at 412). The Commonwealth's closing statement included no misconduct because the challenged comment represented a legitimate inference drawn from the evidence. The overall fairness of the trial cannot reasonably be said to have been undermined by the prosecutor's statement. There was no palpable error.

Fourth, Hunter argues the trial court denied him the ability to present a complete alternate perpetrator defense when it disallowed introduction of several documents. He contends "the trial court abused its discretion in preventing defense counsel from introducing evidence that [the alleged alternate perpetrators] were child molesters." We review a trial court's evidentiary rulings for an abuse of discretion. *Woodard v. Commonwealth*, 147 S.W.3d 63, 67 (Ky. 2004). An abuse of discretion occurs when the decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Hunter sought to introduce evidence of prior bad acts to prove the alleged alternate perpetrators acted in conformity therewith. While Hunter asserts the proposed evidence was proof of "motive," the documents he attempted to introduce were, in fact, propensity evidence which is strictly inadmissible under Kentucky Rules of Evidence 404.

> Though the bar is set lower for admissibility of reverse-404(b) evidence, that evidence "is not automatically admissible." *Beaty* [*v. Commonwealth*, 125 S.W.3d 196, 208 (Ky. 2003)]. "[E]ven when offered by the defendant, evidence of a person's prior bad act may be admissible to establish identity only if 'the prior uncharged act is sufficiently similar to the charged act so as to indicate a reasonable probability that the acts were committed by the same person.'" *McPherson v. Commonwealth*, 360 S.W.3d 207, 213 (Ky. 2012) (quoting *Commonwealth v. Maddox*, 955 S.W.2d 718, 722 (Ky. 1997)).

*St. Clair v. Commonwealth*, 455 S.W.3d 869, 894 (Ky. 2015).

The similarities of the alleged alternate perpetrators' prior acts and the rape for which Hunter stood trial were superficial at best. One was convicted

11

of sodomy of a nineteen-year-old victim while the other was convicted of viewing a young child's private areas. Both convictions were more than twenty years old and no evidence of subsequent bad acts was offered. Additionally, showing these men were on the sex offender registry does not constitute a prior bad act. Absolutely no evidence was presented showing their prior sexual wrongdoings were sufficiently similar to the crime charged herein and nothing indicated a reasonable probability either of these men raped Stacy. *Id.* The trial court correctly determined the proffered evidence was inadmissible.

Finally, Hunter asserts the cumulative effect of the alleged errors so marred the proceedings as to require reversal. However, having discerned there to be no individual errors, there can be no cumulative error. *See Sanborn v. Commonwealth*, 975 S.W.2d 905, 913 (Ky. 1998) (*overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)).

For the foregoing reasons, the judgment and sentence of the McCracken Circuit Court is AFFIRMED.

All sitting. All concur. Lambert, J., concurs by separate opinion.

LAMBERT, J., CONCURRING: I concur with the majority but write separately to further address the directed verdict error issue. As the majority points out, trial counsel argued that Hunter was entitled to a directed verdict as to the rape charge as there had been no testimony by the victim or other witnesses as to penetration.[4] However, appellate counsel chose to argue that

---

[4] The jury was also instructed as to First Degree Sexual Abuse.

the defendant was entitled to a directed verdict based on the incubation period for gonorrhea. Having reviewed the testimony thoroughly and finding no evidence of penetration, it is my belief that a much better argument was abandoned to assert an argument that case law prevents us from even considering.


COUNSEL FOR APPELLANT:

Robert Chung-Hua Yang
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Daniel Jay Cameron
Attorney General of Kentucky

James Patrick Judge
Assistant Attorney General