# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JANUARY 20, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0041-MR

CORDERO M. WILBANKS                                                    APPELLANT


ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.                    HONORABLE BARRY WILLETT, JUDGE
NOS. 16-CR-003101 & 17-CR-000996-005


COMMONWEALTH OF KENTUCKY                                                APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Cordero Wilbanks appeals as a matter of right[1] from the Jefferson Circuit Court's judgment after entering a conditional guilty plea to manslaughter pursuant to *North Carolina v. Alford*[2] reserving his right to appeal the ruling denying his invocation of the spousal privilege.[3] In this prosecution for murder, the plea agreement included combining two cases for a total sentence of twenty-five years. Only the denial of spousal privilege is relevant to this appeal. After review, we affirm the decision of the trial court.

---

[1] Ky. Const. §110(2)(b).

[2] 400 U.S. 25 (1970).

[3] Kentucky Rules of Evidence (KRE) 504.

Cordero and Kim Wilbanks are husband and wife. On October 20, 2016, about one month before the shooting death of Curtis Benberry, Cordero Wilbanks pled guilty in Jefferson District Court to Assault in the Fourth Degree – Domestic Violence.[4] He was sentenced to 275 days conditionally discharged for two years with a condition he was to have no contact with his wife, Kim, who was the victim in that case.

Later, on November 18, 2018, Benberry was shot and killed after emerging from his vehicle in the parking lot in front of his home. Police responded to a 911 call which reported a shooting where a distraught woman wearing pink clothing ran from the parking lot immediately after the shooting. Kim matched the description. She was picked up a few blocks away and told police she had gotten into an argument with her husband during a phone conversation. She called Benberry to ask for a ride home with her groceries from Walmart and Benberry agreed. She said Wilbanks did not know she was with Benberry before he walked up to her side of the vehicle and told her to get out. She did not, but Benberry did, telling Wilbanks nothing was going on.[5] She stated Wilbanks shot Benberry several times and then fled on foot.

---

[4] *Commonwealth v. Wilbanks*, No. 16-M-011320 (Jefferson Dist. Ct., Ky., filed July 19, 2016).

[5] Discrepancies exist in the record over what the relationship was between Benberry and Kim. Benberry's cousin told police Kim was Benberry's on-again, off-again girlfriend. Wilbanks acknowledged Kim had a long-standing, on-again, off-again relationship with Benberry which did not bother him because they each dated exes. Kim insisted Benberry was strictly an ex-boyfriend.

After his arrest, Wilbanks gave an interview to police where he proclaimed his innocence. Despite Wilbanks being ordered not to have contact with Kim and his awareness of that order from the domestic violence case, both Wilbanks and Kim admitted to police they had continued to live together. Kim was the only witness who identified Wilbanks as the shooter, and he filed a motion to invoke spousal privilege to prevent any testimony by her against him. After the trial court denied his motion, Wilbanks entered a conditional *Alford* plea of guilty to manslaughter, reserving his right to appeal the adverse ruling. This appeal followed.

As he did in the trial court, Wilbanks contends his wife, Kim, should have been precluded from providing testimony against him pursuant to KRE 504(a), which states:

> Spousal testimony. The spouse of a party has a privilege to refuse to testify against the party as to the events occurring after the date of their marriage. A party has a privilege to prevent his or her spouse from testifying against the party as to the events occurring after the date of their marriage.

Conversely, the Commonwealth contends her statement was admissible under an exception to the KRE 504(a) privilege contained in KRE 504(c)(2)(D), which states in pertinent part:

> (c) Exceptions. There is no privilege under this rule:
>
> . . .
>
>> (2) In any proceeding in which one (1) spouse is charged with wrongful conduct against the person or property of:
>>
>>> (A) The other;
>>>
>>> (B) A minor child of either;

3

(C)  An individual residing in the household of either; or

(D)  A third person if the wrongful conduct is committed in the course of wrongful conduct against any of the individuals previously named in this sentence[.]

The standard of review for the application of KRE 504 spousal privilege is set out in *Meyers v. Commonwealth,* 381 S.W.3d 280 (Ky. 2012).  "First, we must interpret the language of KRE 504[.]  We do so de novo . . . .  Second, we must determine whether the trial court abused its discretion in permitting Appellant's spouse to testify under our interpretation of KRE 504[.] . . .  Finally, [if] we find that the trial court abused its discretion, we ask whether the trial court's error was harmless."  *Id.* at 283.

"Rulings upon admissibility of evidence are within the discretion of the trial judge; such rulings should not be reversed on appeal in the absence of a clear abuse of discretion."  *Simpson v. Commonwealth,* 889 S.W.2d 781, 783 (Ky. 1994).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

With these standards in mind, we turn to Wilbanks' argument that the trial court erroneously allowed his wife, Kim, to testify against him pursuant to the exception to spousal privilege found in KRE 504(c)(2)(D).  The Commonwealth argues *Gonzalez de Alba v. Commonwealth,* 202 S.W.3d 592

4

(Ky. 2006), is analogous and controlling. A case of first impression in Kentucky, *Gonzalez de Alba* addressed the third-party exception to spousal privilege found in KRE 504(c)(2)(D). Gonzalez de Alba was physically assaulting his wife, Pauline, when her son intervened. After the fight between the two men spilled over from in the house to in the street, Gonzalez de Alba went back inside his residence, retrieved a gun, and shot his wife's son. This Court found "the uninterrupted and logical progression of events in this case compels the conclusion that the murder was committed 'in the course' of the assault on Pauline." *Id.* at 596.

In the present case, Wilbanks argues no exception to spousal privilege was warranted because he was not engaged in the course of assaulting Kim at the time of Benberry's shooting, asserting her presence was merely incidental and coincidental. He argues the spousal privilege is broad and should not be diminished by the courts. However, the trial court rejected Wilbanks' arguments and held *Gonzalez de Alba* supported imposition of the KRE 504(c)(2)(D) exception to preclude Wilbanks' invocation of spousal privilege. We agree.

At the hearing, the Commonwealth argued, and the trial judge correctly accepted, spousal privilege is unavailable under KRE 504(c)(2)(D) when a husband is charged with a crime against the person or property of a third party if that crime is committed in the course of wrongful conduct against his spouse. While Wilbanks did not engage in the wrongful conduct of assaulting his wife, as was the case in *Gonzalez de Alba*, the Commonwealth noted he

5

nevertheless engaged in wrongful conduct when he made contact with his wife in violation of the district court's no-contact order immediately before and during the shooting of Benberry. Here, the trial court found Wilbanks had recognized his wife when approaching Benberry's vehicle and knowingly engaged in a course of wrongful contact with her when he demanded she exit and leave, rather than immediately turning and leaving the scene himself. When Benberry tried to defuse the situation created by Wilbanks' ongoing wrongful contact with Kim, Wilbanks escalated and extended his wrongful conduct by shooting Benberry multiple times. Thus, the trial court correctly held Wilbanks shot Benberry while in the uninterrupted course of having wrongful contact with his wife in violation of the no-contact order.

Wilbanks argues his case is more akin to our holding in *Meyers*. However, the Attorney General correctly noted *Meyers* addressed the exception to spousal privilege set forth in KRE 504(c)(2)(A), pertaining to a situation in which one spouse is charged with wrongful conduct against the person or property of "the other" spouse. Conversely, the exception set forth in KRE 504(c)(2)(D) pertains to a situation involving wrongful conduct perpetrated by one spouse upon the person or property of a "third person" while "in the course of wrongful conduct" against the "other [spouse]," a "minor child of either," or an "individual residing in the household of either." As such, although it sets forth the appropriate standard of review for cases involving application of the exceptions to KRE 504, we agree *Meyers* is not otherwise controlling, nor relevant, to the substance of any KRE 504(c)(2)(D) analysis.

6

In summary, we hold the trial court correctly applied the KRE 504(2)(2)(D) exception to spousal privilege to allow Kim's testimony against her husband. We discern no abuse of discretion and conclude the trial court's judgment was supported by sound legal principles. The trial court properly applied the KRE 504(c)(2)(D) exception.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Rob Eggert
Tisha F. Lister


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General